Swift v. Opdyke.

INGRAHAM, J.   Even if the prayer in the complaint was merely for a sum of money, the facts set out therein show a good cause of action in equity, on which the plaintiff was entitled to relief.   If so, and the court had jurisdiction, it could give such relief as the party was entitled to, including a judgment for money, if proper.   I concur in reversing the judgment.

CLERKE, J. dissented.

New trial granted.

[NEW YORK GENERAL TERM, February 6, 1865. *Ingraham, Clerke* and *Sutherland*, Justices.]

SWIFT and others *vs.* OPDYKE and others.

Where a contract is made, for the sale and delivery of two different parcels of goods, to arrive in different ships, at different periods of time, each portion of the contract is complete in itself, without reference to the other.

Though the parties may, by express terms, make such a contract not only one and the same but also indivisible, yet if nothing of the kind appears, showing that the time of payment is to be deferred until the delivery of all the goods, it will not be assumed that the two distinct parts of the contract were intended to be dependent on each other.   The implication must be plain and unmistakable, to justify such a conclusion.

Whether such a transaction be deemed one and the same contract, and yet divisible, or whether it be deemed two distinct and separate contracts, the delivery of a portion of the goods will take the claim for the value of that portion out of the statute of frauds.

In the one case, it will amount to a part performance, and in the other to an entire performance of one of the contracts, the acceptance of a portion of the goods being a waiver of the right to the whole.

THIS was an action for the price of goods sold, amounting in value to $3465.75.

There were two causes of action alleged in the complaint. First. For the price of seven bales of eight-pound blankets

and of one bale of seven-pound blankets. Second. For the price of five bales of seven-pound blankets. On the second cause of action, the plaintiffs recovered. On the first, the jury, under the instruction of the court, rendered a verdict against them so far as the eight-pound blankets were concerned. On a case and exceptions, they moved, at special term, for a new trial, which was denied, *pro forma*, and the present appeal was from that denial. The only question here was, as to the right to recover for the eight-pound bales. The actual delivery of these bales was undisputed, and there was no dispute about their quality or value ; but the defense was that they formed part of an entire quantity of twenty-two bales in all, alleged to have been contracted for by the defendants in August, 1861 ; that the whole quantity so contracted for had not been delivered, and that therefore the seven bales delivered were practically forfeited to the defendants. The proof showed that in August, 1861, the plaintiffs were expecting the arrival in New York from England of two parcels of eight-pound blankets—one shipment to embrace eight bales, and the other to embrace fourteen bales. The eight bales were to come by the Yorkshire, which sailed July 15, 1861 ; the remaining fourteen were to come by the packet that followed the Yorkshire. The plaintiffs offered these two shipments for sale to the defendants, and the parties had several conversations about them, which ended on August 23d, by the defendant Opdyke saying to one of the plaintiffs, "we will take the eight-pound blankets." The defendants had, in the meantime, sold the fourteen bales embraced in the second shipment. It was a question on the trial whether the plaintiffs had not notified the defendants of this sale. The plaintiffs contended that they had done so ; the defendants contended the contrary. On August 28th, five days after the oral negotiation was concluded, as above stated, the Yorkshire arrived. Only seven bales equal to the sample arrived in her, and these seven were delivered directly from her to the de-

fendants at their store. These are the bales the price of which is sued for. An eighth bale arrived, but it was not delivered nor accepted, because it turned out to be of an inferior quality. There was no evidence that the sale or delivery was made upon credit. The bill for the seven bales delivered was sent to the defendants August 31. A demand for payment for those goods was subsequently made, and before the arrival of the second shipment the defendants asked for a bill for what had already been delivered. The defendants contended that the oral contract was for the sale and delivery of the whole twenty-two bales, and that the delivery and acceptance of the seven bales sued for made that contract binding and valid within the statute of frauds. The court submitted the question to the jury whether the defendants had a right to understand that the (oral) contract embraced the twenty-two bales, and whether the goods were delivered in pursuance of that understanding, and instructed them that in that case the plaintiffs could not ask pay for the goods delivered until they should have delivered the remainder, and that the (oral) contract being for a larger quantity than they delivered, the plaintiffs must perform their part of the agreement before they can exact such performance on the part of the defendants. To this instruction the plaintiffs excepted. The court also, without any instruction to the jury as to what acts would constitute a waiver, charged them that if the (oral) contract was for only eight bales, and there was a delivery of only seven, with a waiver of the eighth, the plaintiffs were entitled to recover for the seven, but if there was no such waiver, the plaintiffs were not entitled to recover at all; to the latter part of which instruction the plaintiffs excepted, and the court, under the plaintiffs' exception, declined to charge that certain conversations between the parties, which had been given in evidence, constituted, if truly stated, a waiver of the delivery of one bale out of the first shipment.

*F. N. Bangs,* for the appellants.

*David Dudley Field,* for the respondents.

*By the Court,* CLERKE, J.  I think the judge erred in tell-ing the jury "that if they came to the conclusion that if the contract was to deliver twenty-two bales of these goods, then the plaintiffs were not entitled to recover for the seven bales of the eight-pound goods that were delivered." Even supposing the contract to be one and the same, it was for the sale and delivery of two different parcels, to come in different ships. at different periods of time.  Each portion of the con-tract, therefore, was complete in itself without reference to the other.  Undoubtedly, the parties could, by express terms, make this contract not only one and the same, but also in-divisible.  But nothing of this kind appears : nothing was even said showing that the time of payment was to be de-ferred until the delivery of the twenty-two bales.  We have no more reason in this case than the court had in *Tipton* v. *Feitner,* (20 *N. Y. Rep.* 423,) to assume that the two distinct parts of the contract were intended to be dependent on each other ; and, as was said in that case, "the implication must be plain and unmistakable, to justify such a conclusion, as its effect would be to impose upon the plaintiff a heavy penalty or forfeiture."

The redress to the defendant for the failure of the plaintiff in not completing the contract, would be by a separate action for damages, or by a counter-claim in this action.

Whether this transaction may be deemed one and the same contract and yet divisible, or whether it may be deemed two separate and distinct contracts, the delivery of the seven bales took the claim for the value of these bales out of the statute of frauds.  In the one case it amounted to a part perform-ance : the purchaser having complied with the statute in ac-cepting part of the goods.  It is not necessary, at least it is not provided in the statute, that the acceptance shall be

simultaneous with the contract. If this transaction may be deemed to consist of two distinct contracts, the delivery of the seven bales amounted to an entire performance of one of the contracts; the acceptance of these bales being a waiver of the right to eight. The order should be reversed, and a new trial ordered, with costs to abide the event.

[NEW YORK GENERAL TERM, Febuary 6, 1865. *Ingraham*, *Clerke* and *Sutherland*, Justices.]