HENRY A. AVERY et al., Respondents, *v.* MORDECAI M. WILLSON et al., Appellants.

While as a general rule no action lies on the part of a vendor upon a contract for the sale and delivery of a specified quantity of goods, until the whole quantity is delivered, yet where the whole delivery is to be at one and the same time and the vendee elects to receive a portion and appropriates the same to his own use, and by his acts evinces that he waives the condition precedent of a complete delivery, the vendor may recover for the portion delivered.

Plaintiffs contracted orally to sell and deliver to defendants at a price named 699 boxes of glass, the whole to be delivered together at one and the same time. Prior to the delivery of any portion defendants wrote to plaintiffs to forward them at once a small portion described, plaintiffs delivered 365 boxes, which defendants accepted, received and used without any notice to plaintiffs that they insisted upon a delivery of the remainder, or any reserve of the condition of full delivery. Some days after the delivery defendants wrote plaintiffs that they wanted the order completed in a reasonable time. Subsequently there was a correspondence between the parties growing out of a misunderstanding as to its terms. Plaintiffs then wrote offering to complete the contract, which defendants declined on the ground that the time for performance had expired. Defendants at no time claimed that they were not liable to pay for the boxes delivered, but claimed to be allowed damages for the nondelivery. *Held*, that the facts justified a finding of a waiver of the condition of complete performance before they should become liable to pay for the part delivered ; and that while defendants had a right to recoup

damages for failure to deliver as agreed, yet not having claimed it in their answer they could not prevent a recovery for the glass actually delivered.

The cases sustaining the general rule above stated collated and distinguished.

(Argued April 19, 1880; decided June 8, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of plaintiffs entered upon the report of a referee.

This action was brought to recover for a quantity of glass alleged to have been sold and delivered by plaintiffs to defendants.

Defendants set up as a defense that the glass delivered was part of a quantity contracted for, that delivery of the whole was a condition precedent to any liability for the purchase-price, and that plaintiffs declined and refused to deliver the residue. The facts appear sufficiently in the opinion.

*Esek Cowen* for appellants. Upon a special contract for the sale and delivery of goods, no action lies for the price, unless there is a complete performance by the vendor. (*Catlin* v. *Tobias*, 26 N. Y. 217; *Pratt* v. *Gulick*, 13 Barb. 300; *McKnight* v. *Dunlop*, 4 id. 36; *Mead* v. *Degolyer*, 16 Wend. 635; *Paige* v. *Ott*, 5 Denio, 406; *Solomon* v. *Neidig*, 1 Daly, 200; *Winne* v. *McDonald*, 26 N. Y. 233.)

*Thomas Allison* for respondents. Whether there was waiver of delivery of the whole quantity was a question of fact for the referee to pass upon, to be determined by the consideration of all the surrounding facts and circumstances. (*Smith* v. *Brady*, 17 N. Y. 173, 176, 189, 190; *Vanderbilt* v. *Eagle Iron Works*, 25 Wend. 665, 666, 667, 668.) The law only allows a party to retain, without compensation, the benefits of a partial performance, where, from the nature of the contract, he must receive such benefits in advance of a full performance, and by its terms or just construction he is under no legal obligation to pay until performance is complete.

(*Smith* v *Brady*, 17 N. Y. 173, 187; *Krom* v. *Levy*, 3 T. & C. 707; *S. C.*, 6 id. 253, 254; *Corning* v. *Colt*, 5 Wend. 253; *Vanderbilt* v. *Eagle Iron Works*, 25 id. 665; *Visscher* v. *Greenbank A. Co.*, 11 Hun, 159; *Flanagan* v. *Demarest*, 3 Robt. 173; *Normington* v. *Cook*, 2 T. & C. 423; *Welch* v. *Moffit*, 1 id. 575.) Parties must abide by the terms of their contracts, so far as they cover their acts. The court cannot make a contract for them in place of the one they have made for themselves. (*Mead* v. *Degolyer*, 16 Wend. 636; *Smith* v. *Brady*, 17 N. Y. 187.) After the acceptance and use under the circumstances detailed, it would require a very positive and specific reservation of a precedent condition to preserve it with all its technical and penal consequences. (*Vanderbilt* v. *Eagle Iron Works*, 25 Wend. 668; *Catlin* v. *Tobias*, 26 N. Y. 219, 222.) The refusal made by the letter of December 13, 1873, to permit any completion of the contract would relieve plaintiffs of the duty to perform and give them a right to recover had there been such an indefinite extension of the time of performance. (*Monroe* v. *Reynolds*, 47 Barb. 574; *Hubbell* v. *Van Schoening*. 4 T. & C. 649; *Myer* v. *De Miers*, 52 N. Y. 647; *Sears* v. *Conover*, 34 Barb. 333.) Evidence of the value of the goods delivered at the time of their delivery was not proper. (*Ludlow* v. *Dale*, 62 N. Y. 617.)

MILLER, J. The plaintiffs made an oral contract with the defendants, by which they agreed to sell to the defendants, at a price named, 699 boxes of glass, which were to be delivered together at one and the same time. They delivered a portion (365 boxes) of the glass, and the referee found that the defendants received and accepted the same, without objecting or intimating to the plaintiffs that it was received and accepted upon any conditions whatever; and without any notice that they would not thereby consent to become liable to pay for the glass so delivered and accepted, unless and until the residue should be delivered, and the defendants have not offered to return the same or any part thereof. He also found that the defendants thereby waived the condition that the whole quantity

of boxes should be delivered before they should become liable to pay for the part delivered, and only reserved the right and insisted, from time to time thereafter, that the residue should be delivered, or that the plaintiffs should pay the damages sustained by reason of the omission or neglect to deliver the same.

The question presented is whether the defendants are liable to pay for the boxes of glass actually received and retained by them, without the delivery of the remainder. The general rule in this State is that no action lies upon a special contract for the price agreed upon, until performance of such contract. This rule, however, has been somewhat qualified in its application, as will be seen by a reference to some of the reported cases.

In *Smith* v. *Brady* (17 N. Y. 173), it was held that where, in a contract for the erection of a building upon the land of another, performance is to precede payment and is a condition thereof, the builder, having substantially failed to perform on his part, can recover nothing for his labor and materials, notwithstanding the owner has chosen to occupy and enjoy the erection. It was laid down by COMSTOCK, J., who delivered an opinion which was concurred in by all of the judges, after fully discussing the subject, that a party may retain, without compensation, the benefits of a partial performance, where, from the nature of the contract, he must receive such benefits in advance of a full performance, and by its terms or just construction is under no obligation to pay until the performance is complete. The case of a contract to sell and deliver goods at different times, to be paid for when the whole are delivered, is considered, and it is said : " If the vendor refuses to perform entirely, without good cause, the purchaser is neither bound to pay for nor to return the goods received in part performance ; " and the case of *Champlin* v. *Rowley* (13 Wend. 258), in error (18 id. 187) is cited. It may be remarked that in the latter case the contract was for the sale of hay, which was not to be delivered at one and the same time, on account of which $100 was paid in advance, and the balance was to be paid when the whole quantity was delivered. In the case at bar the glass was not

to be delivered in parcels at different times, and there was to be only one and a single delivery. The remarks of Judge COMSTOCK appear to confine the rule to the cases mentioned; and the authorities which hold that a recovery cannot be had where the contract has been but partially performed are, I think, within the principle laid down. While, then, the defendants were not bound to accept a delivery of a portion of the boxes of glass, and had a right to reject or retain the same as they saw fit, yet if they elected to receive the part delivered, appropriated the same to their own use, and by their acts evinced that they waived this condition, they became liable to pay for what was actually delivered. This rule is established in numerous reported cases, and the question of waiver is frequently one of fact to be determined by the circumstances and the evidence. (*Vanderbilt* v. *Eagle Iron Works*, 25 Wend. 665; *Corning* v. *Colt*, 5 id. 253; *Krom* v. *Levy*, 3 N. Y. Sup. Ct. [T. & C.] 704; 6 id. 253; *Flanagan* v. *Demarest*, 3 Robt. 173; *Normington* v. *Cook*, 2 N. Y. Sup. Ct. [T. & C.] 423; *Welch* v. *Moffat*, 1 id. 575.)

The cases which are relied upon to uphold the doctrine that an action will not lie for the price of goods sold, where there has been an acceptance of part, do not go to the extent claimed, and are not adverse to the doctrine of waiver, where a portion has been received and retained and the acts of the vendee evince an intention to waive a delivery of the whole at one and the same time. In *Catlin* v. *Tobias* (26 N. Y. 217), the goods were received and used by the vendee under a contract for the delivery of specified quantities at different times, and the quantity delivered being less than that required by the contract, it was held that the breach was a bar to an action for the price, and the vendee was not bound to wait to see whether the vendor would fully perform his contract. This rule does not affect the principle that where there is to be a single delivery at one and the same time and only part of the goods have been received, the vendee may waive the right to insist upon such delivery and become liable to pay for the portion actually accepted and appropriated. *Pratt* v. *Gulick* (13 Barb. 297)

sustains the doctrine that where a special contract is entered into, which is entire, for the sale and delivery of property, a full performance by the vendor is a condition precedent to his right of action against the vendee for the price of the property delivered by the vendor under the contract.    There can be no dispute as to this rule, and it in no way interferes with the ruling of the referee that a delivery of the entire quantity may be waived and the vendee become liable for what actually was delivered.    *McKnight* v. *Dunlop* (4 Barb. 36, on appeal, 5 N. Y. 537) holds, that where there is a verbal agreement for the sale of personal property, part of which has been delivered and a part refused, that the contract was a valid one, and the plaintiff was entitled to recover damages for the non-delivery of the residue.    This case does not bear directly upon the question whether there may be an acceptance and a waiver of an entire delivery, so as to render the defendants liable for what was received by them.    The case of *Mead* v. *Degolyer* (16 Wend. 635 was an action brought to recover the price of a quantity of timber sold and delivered upon a special contract; and it was held that the vendor was not entitled to recover under a *quantum meruit* for a portion less than the whole quantity agreed to be delivered, notwithstanding that the vendee has consented to a variation of the contract as to price and time of performance.    It is manifest in this case that the original contract was only modified and not abandoned; and we do not perceive that it affects the question of acceptance and of waiver which arises in the case at bar.    In *Paige* v. *Ott* (5 Den. 406), the contract was for the delivery of a quantity of timber upon a given day at a price to be paid upon delivery.    A part only was delivered, and the parties agreed that the contract should be considered as performed upon the delivery of another quantity at a still future day.    A portion of this was delivered and used by the vendee, and it was held that there could be no recovery for the lumber delivered under either contract.    The effect of the parol agreement extending the time was discussed in the opinion, and it was decided that it was only a modification of the first.    The question of accept-

ance and of waiver was not considered, and the parties had themselves agreed as to the effect of a failure to deliver as the contract originally provided.

In most of the cases cited it was contemplated that the performance was not to be done by a single act at one time, but by a succession of acts, and the intention evidently was that all of these should be completed as a condition precedent to a right of recovery. The principle established is that the parties must fulfill the terms of the contract. They have a right, however, to act outside of the contract by changing its terms and conditions, especially in reference to the time of delivery of the goods sold.

Assuming, then, that the defendants, after accepting and appropriating the glass received by them, had a right to demand a delivery of the residue, the question arises, whether they intended to insist that the remainder should be delivered before they paid or became liable to pay for the portion which had already been received and accepted. Although they received and accepted a portion of the boxes of glass, without actual knowledge that the balance would not be delivered, the evidence shows that they used the glass without any notice to the plaintiffs that they insisted upon a delivery of the remainder, or any reservation of the condition precedent. It is also proved that prior to the delivery of any portion of the glass, the defendants wrote to the plaintiffs to forward them at once a small portion, which was described, thus indicating that they did not intend to insist on the delivery of all at one and the same time, and that they were willing to accept a delivery in parcels, as might be convenient. Some days after the delivery of a portion of the glass to the defendants, they also wrote the plaintiffs that they wanted the order completed within a reasonable time, and would like to hear from them as soon as convenient. After this a correspondence ensued which shows that the parties understood the contract differently, the plaintiffs claiming that the sale was made subject to such stock as the plaintiffs had at the time of receiving the order, and the defendants that it was from the stock list furnished by the plaintiffs'

agent, and each insisting upon their own construction of the terms of the sale. On the 12th of December the plaintiffs wrote, notifying the defendants that they had glasses of sizes which would enable them to complete a delivery of the whole number of boxes originally ordered, and offered to do so upon the thirty boxes which had been shipped on the 16th of October previously, and accepted and received, being allowed as part execution of the contract; and the defendants wrote on the next day declining to receive the glass on the ground that the time for completing the contract had then long since expired. In no part of the correspondence did the defendants claim or take the position that they were not liable to pay for the boxes received, in case the remainder was not delivered. They insisted, until a final disagreement took place, that they were entitled to an amount which was named, and which they stated that they charged to the plaintiffs' account for discount on the list sold from, and the list last furnished, and for damages which they had sustained by reason of the non-delivery of the remainder, and not that they were not bound to pay for what had been delivered. They received part, negotiated for the residue not delivered, claiming damages in consequence thereof, and thus waived strict performance and admitted their liability for the price agreed upon, deducting the charge made for discount or damages. This position is inconsistent with the claim now made, that they were not liable at all.

In view of the facts, there was, we think, sufficient to warrant the finding of the referee, to the effect that the condition was waived. While the defendants had the right to recoup any damages sustained by a failure to deliver the glass as agreed upon, or to bring an action to recover the amount of the same, they cannot, under the pleadings in this action, prevent a recovery for the value of the glass actually delivered, as they have not set up any counter-claim, but simply based their defense on the non-performance of the contract.

The judgment should be affirmed.

All concur.

Judgment affirmed.