O'NEILL et al. v. CROTTY.

*(Common Pleas of New York City and County, General Term. January 5, 1891.)*

1. APPEAL—FINDINGS OF FACT—REVIEW.
   On an appeal to the court of common pleas from the affirmance by the general term of the city court of New York of a judgment on findings by the trial judge, the facts cannot be reviewed, if there is any evidence tending to support the findings.

2. SALE—ACTION FOR PRICE—DELIVERY.
   In an action for goods sold and delivered there was evidence that the goods were part of a larger quantity which plaintiffs had agreed to manufacture and import, deliveries to be made as goods arrived, at a specified price per gross, on a credit of a certain number of days after delivery. *Held,* that the evidence sustained a finding of an agreement to pay for the goods as delivered, on the expiration of the time of credit, and that, under such circumstances, proof of the special contract established no defense.

3. COUNTER-CLAIM—PLEADING AND PROOF.
   In such case, where no counter-claim was set up in the answer, on the ground that the goods did not conform to sample, evidence of that fact was not admissible.

Action by Henry O'Neill, Thomas H. O'Neill, and George Quackenbush against John S. Crotty. Defendant appeals from the judgment of the general term of the city court affirming the judgment of the trial term, rendered by the judge who tried the cause, without a jury, in favor of plaintiffs, for $317.30, with costs. The complaint alleged the sale and delivery between June 11 and August 31, 1889, to the defendant of 155 gross of embroidery edging, of the value of $310, and for which defendant promised to pay that sum on or before October 10, 1889, and that no part thereof has been paid, although the time within which payment was to have been made has expired. The answer was a denial of all the allegations. Upon the trial, one of the plaintiffs, George Quackenbush, was called by plaintiffs to prove the sale. Upon cross-examination the defendant elicited that the 155 gross sued for was a delivery under a special executory contract for the sale of 200 gross of embroidery edging, to be manufactured according to sample,—100 natural color, and 100 white,—at two dollars per gross; that, after the first delivery under the contract, (100 gross natural color, on August 28th,) the defendant complained about the quality of the goods, and the plaintiffs told him, if he could not use them, to return them; that the defendant then required the white to be delivered, and plaintiffs delivered, on August 31st, 55 gross of the white; that defendant then came to complain, or to make a claim, and plaintiffs again told him, if he could not use the goods, to return them; that defendant then went away and brought an action against plaintiffs; that plaintiffs were ready to go on and furnish the balance of the goods, if he would have accepted them. There was some evidence from which it might be inferred that the goods were to be paid for as delivered. The terms of sale were, "30 days' dating, and ten days' time,'" which meant that the defendant's bills were to be dated 30 days from the date of delivery, and he had 10 days thereafter in which to pay. At the close of the testimony of the witness Quackenbush, the plaintiffs (who had objected to the cross-examination as to sale by sample, on the ground that it was not pleaded, as immaterial, irrelevant, and incompetent) made a motion to strike out the evidence in reference to the goods delivered conforming to the sample, and to strike out the evidence in reference to the special contract. The motion was granted, and the defendant excepted. No other evidence was offered by either party. Defendant hen moved to dismiss the complaint (1) on the ground that the plaintiffs had

failed to prove the cause of action set forth in the complaint, failed to prove any sale of, or agreement to sell, 155 gross of edging, and any delivery under such an agreement; (2) that the only sale shown by the uncontradicted evidence was of 200 gross of edging, and that the proof is at variance with the complaint; (3) that the agreement for the sale of 200 gross was entire, and a full delivery thereunder was a condition precedent to a recovery, and that plaintiffs had failed to perform said agreement. The motion was denied, and the defendant excepted. The court found, as matter of fact, a sale and delivery of 155 gross, at two dollars per gross, which became due and payable on October 10, 1889. The defendant excepted to this finding, but made no requests to find as to any fact or conclusion of law.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Richards & Brown,* (*J. Tredwell Richards,* of counsel,) for appellant. *George M. Baker,* for respondents.

DALY, C. J. Where separate deliveries are contemplated in a contract of sale, and payments are to be made upon each delivery, an action may be maintained therefor, as for the sale and delivery of the particular goods sued for. In such an action the vendee may set up the contract for the whole, plead the failure of the vendor to make other deliveries under it, and claim damages for such breach; but, if he set up the breach without a counter-claim, it is no defense to the action. In *Avery* v. *Wilson,* 81 N. Y. 341, there was an indivisible contract and a delivery of part, with a waiver of a complete delivery of the whole as a condition precedent to payment for such part. The action was for goods sold and delivered. Defendant set up the special contract for the whole, and a refusal to deliver the residue. The court said: "While the defendants had the right to recoup any damages sustained by a failure to deliver the glass as agreed upon, or to bring an action to recover the amount of the same, they cannot, under the pleadings in this action, prevent a recovery for the value of the glass actually delivered, as they have not set up a counter-claim, but simply based their defense on the non-performance of the contract." The rule undoubtedly governs the case of an agreement to pay for goods as delivered, and in the case before us there was some evidence from which it might be inferred that such was the contract between these parties. The goods were to be manufactured abroad and imported, and deliveries were made as they arrived. "Bills were to be dated 30 days ahead from the date of delivery, and, if he paid his bills in ten days, he was to get a seven per cent. cash discount." The credit for these goods expired October 10th, which was 40 days after the last delivery. They were sold at two dollars a gross, 30 days' dating, and 10 days' time. This was the testimony of the plaintiffs, and was not contradicted. There was evidence therefore to sustain the finding of the trial judge that the amount sued for became due and payable October 10, 1889, and that is all we are required, as an appellate court, to inquire into upon a simple exception to a finding of fact. We are only authorized "to review the facts for the purpose of ascertaining whether any allowable construction of which they are capable will warrant the conclusion of fact at which the judge or referee has arrived." *Stilwell* v. *Insurance Co.,* 72 N. Y. 388. We cannot review the facts "after an affirmance by the general term, so long as there is any evidence tending to support the findings." *Potter* v. *Carpenter,* 71 N. Y. 75. The defendant, therefore, having become indebted, as found by the trial judge, for the portion of the goods delivered, an action as for a sale and delivery thereof was maintainable, and the motion to dismiss the complaint was properly denied, notwithstanding such delivery was under a contract for the sale of a greater quantity. There was no variance between the pleading and the proof.

The exception to the granting of the plaintiffs' motion made at the close of plaintiffs' case to strike out the evidence elicited by defendant upon cross-ex-

amination of plaintiffs' witness in reference to the goods delivered not conforming to the sample, and also the evidence in reference to the special contract, does not show error.   No claim for damages on account of the goods not conforming to the sample was set up in the answer, and proof of the special contract constituted no defense, as complete delivery of the whole of the goods thereunder was not a condition precedent to payment.   It is proper to say here that, under the denial in the answer of the sale of 155 gross, the defendant was entitled to show exactly what the contract of sale was, and, if this involved proof of a special contract for 200 gross, he was entitled to prove it, for there was no way of disproving plaintiffs' allegations except by showing the facts.   *Dietrich* v. *Dreutel,* 43 Hun, 342; *Manning* v. *Winter,* 7 Hun, 482.   The trial judge allowed this proof to be given by cross-examination of the plaintiffs' witness, and I understand that, in striking out the evidence of the special contract at the close of the testimony, he did no more than rule that such special contract as proved constituted no defense, under the circumstances disclosed by the testimony.   The defendant offered no evidence to show that payments, under the contract, did not become due until all the deliveries thereunder were made, but left the plaintiffs' evidence in that respect uncontradicted.   Under those circumstances, the special contract was no defense, and evidence thereof was immaterial.   The judgment should be affirmed, with costs.   All concur.