(16 Misc. Rep. 449.)

### SILBERMAN v. FRETZ.

(Supreme Court, Trial Term, New York County. March, 1896.)

ENTIRE AND SEVERABLE CONTRACTS—ACTION FOR PRICE.

　　Plaintiff agreed to deliver to defendant on a certain day 20 pieces of cloth of a certain kind, and 20 of another, and, later in the month, 10 pieces of each kind, the prices for each kind being fixed. Prior to the day of delivery, on which 20 pieces were delivered and accepted, defendant was informed that that was all plaintiff had in stock, and that no more could be expected till the following January or February, when he hoped to obtain the remainder. When the contract was made, defendant agreed, on receiving the 40 pieces, to pay a debt which he then owed plaintiff. This was paid when the 20 pieces were received. *Held*, that the parties had divided the contract, so that an action for the 20 pieces would lie, though the others were not delivered, any remedy of defendants being limited to recoupment for nondelivery of the other pieces.

Action by Joseph Silberman against Samuel S. Fretz. Judgment for plaintiff.

J. J. Frank, for plaintiff.

Carter, Hughes & Cravath, for defendant.

McADAM, J. The action is by the plaintiff, as the assignee of Luckmeyer, Shefer & Co., to recover $758.86 for 20 pieces of Helvetia

delivered to the defendant November 18, 1886. The defense is that the goods were but a partial delivery under entire and indivisible contracts made on August 12 and 18, 1886, for a much larger quantity, and that payment was not to be made until after full performance, which was a condition precedent.

There is no principle more firmly established in our jurisprudence than that under an entire contract there is no right of action, and can be no recovery, until the entire quantity contracted for is delivered. Mead v. Degolyer, 16 Wend. 632; Champlin v. Rowley, 18 Wend. 187; Ming v. Corbin (Sup.) 10 N. Y. Supp. 641; Smith v. Brady, 17 N. Y. 173; Baker v. Higgins, 21 N. Y. 398; Catlin v. Tobias, 26 N. Y. 217; Kein v. Tupper, 52 N. Y. 550; Butler v. Butler, 77 N. Y. 472; Nightingale v. Eiseman, 121 N. Y. 288, 24 N. E. 475. The defense was made on the assumption that the contracts of August 12th and 18th were subsisting obligations, and that the delivery made was in part performance thereof. But exhibit 5 shows that a new understanding was had and reduced to writing October 22, 1886, by which the defendant was to receive on November 1 "20 pieces Helvetia, according to sample, 44 inches; 20 pieces Helvetia, according to sample, 48 inches. Further, in the course of November, additional 10 pieces, 44 inches; 10 pieces, 48 inches," etc. The writing then contains the significant sentence, "This disposes of the old contract," which, interpreted according to the obvious intention of the parties, means that in consideration of the new agreement the orders of August 12th and 18th were canceled; and they may, for this reason, be regarded, as out of the case.

It is sometimes difficult to determine what constitutes an entire contract, for there is a class of mixed cases, partaking of the character both of entire contracts and of severable contracts, in which, although a certain definite number or quantity of things are bought together, the price is fixed either by a certain agreed rate, to be paid per single article or measure, or by affixing a particular valuation to each thing, if the things be of different kinds. Story, Sales, § 243. Or, as another writer states it:

"No precise rule can be given by which this question, in a given case, may be settled. Like most other questions of construction, it depends upon the intention of the parties, and this must be discovered in each case by considering the language employed, and the subject-matter of the contract." Pars. Cont. (6th Ed.) 517.

Indeed, the entirety or divisibility of several items in one contract is always a question of intent, and frequently one of fact. Ming v. Corbin, 142 N. Y., at page 341, 37 N. E. 105. In the case cited the court (at pages 340, 341, 142 N. Y., and page 105, 37 N. E.), in reiterating the rule that "a contract is entire when the parties intend that the promise by one party is conditional upon entire performance of his part of the contract by the other party," observed:

"The contract is said to be severable when the part to be performed by one party consists of several and distinct items, and the price to be paid by the other is apportioned to each item or is left to be implied by law."

The plaintiff proved that prior to the delivery of the 20 pieces in November, 1886, the defendant was informed that they constituted

all the Helvetia the plaintiff's assignors had in stock, and that no more could be expected until the following January or February, when they hoped to obtain the remainder. The defendant therefore knew that the delivery of the 20 pieces was complete in itself, and, as no different time for payment had been specified, the price became due, by operation of law, immediately after their delivery. Sickles v. Pattison, 14 Wend. 258; Benj. Sales (1st Am. Ed.) § 314. In this respect the case differs from Nightingale v. Eiseman, supra, and other authorities relied on by the defendant.

The writing of October 22, 1886, signed by the defendant, contains the following:

"As soon as I receive the above-mentioned 40 pieces of Helvetia, I bind myself to pay with them 40 pieces of Gloria I received October 18th, amounting to $1,278.93, after deducting 7 per cent. discount."

After receiving the 20 pieces, to recover the price of which the action is brought, the defendant paid the $1,278.93, which is significant as tending to show that the delivery made was, under the circumstances, regarded by him as a satisfactory performance of the order he had given. The acts or consent of parties may make an entire contract divisible. Winne v. McDonald, 39 N. Y. 233; Stokes v. Recknagel, 38 N. Y. Super. Ct. 368. In Tipton v. Feitner, 20 N. Y. 423, the plaintiff, in one agreement, contracted to deliver forthwith a quantity of dressed pork to the defendant for a certain price, and also to sell him, upon their arrival, at a different price, a number of live hogs, then on their way, and expected in a few days, no stipulation being made as to the time of payment for either. The pork was delivered, but the plaintiff violated his contract by not delivering the live hogs. Held, that this did not preclude him from recovering the price of the dressed pork, subject to recoupment for the defendant's damages from the breach of contract as to the live hogs. See, also, Swift v. Opdyke, 43 Barb. 274. Here the price of the 20 pieces delivered was conceded to be $758.86, and this eliminates questions which might have arisen if an aggregate value only had been fixed. True, the defendant was not bound to accept a delivery of 20 pieces only, if not in accordance with the understanding of the parties. He had a right to reject or retain them, as he saw fit. Yet if he elected to accept the part delivered, appropriated the same to his own use, and by his acts evinced a waiver of the condition as to entire delivery, he then became liable to pay for what was actually delivered. Sickels v. Pattison, 14 Wend. 258; Brady v. Cassidy, 9 Misc. Rep. 107, 29 N. Y. Supp. 45, affirmed 145 N. Y. 171, 39 N. E. 814; O'Neill v. Crotty (Com. Pl.) 12 N. Y. Supp. 280; Avery v. Wilson, 81 N. Y. 341. The correspondence between the parties shows that the defendant did not expect to avoid payment for the goods delivered, except by recouping his damages for nondelivery of the remainder. He put himself squarely upon this position, which is entirely "inconsistent with the claim now made that he is not liable at all." Avery v. Wilson, supra. If the attitude he assumed was warranted by his understanding of the facts, the defendant should have recouped his damages for nondelivery of the other pieces; for this, according to the rulings in Tipton v. Feitner and Avery v. Wilson, supra, was the only

course then available to him.    For some unexplained reason, how-ever, he did not see fit to invoke this means of defense.

Upon the record the plaintiff is entitled to judgment for $1,175.60, the amount claimed, and interest, with costs.