HARRIET A. BRADY, as Executrix, etc., et al., Respondents, *v.* PATRICK CASSIDY et al., Appellants.

Plaintiffs, whose testator had carried on a manufacturing business, executed a bill of sale to defendants of "the entire manufactured stock * * * on hand at foundry and store rooms" at prices specified. Portions of the property covered by the bill of sale were delivered to and taken possession of by defendants. Another portion was omitted from the inventory taken immediately after the execution of the bill of sale and was delivered to other parties under a claim made by plaintiffs that, at the time of such execution, the articles so omitted had been sold to those parties. In an action to recover the contract prices for the goods delivered, defendants alleged a breach of the contract of sale in the failure to deliver the articles omitted from the inventory, and that this was a condition precedent to a right of action. Plaintiffs thereupon amended their complaint setting up a waiver of the condition that all the goods were to be delivered. On the trial, plaintiffs were permitted to prove, under objection and exception, that during the negotiation which resulted in the sale it was spoken of and understood between the

parties that plaintiffs had sold or agreed to sell a portion of the goods included in the bill of sale, and that these sales were assented to and acquiesced in by defendants; that just prior to the execution of said bill, certain of the goods were piled up and marked as sold to other parties; that, subsequent to the delivery of the bill, defendants assisted in making delivery of some of the goods to the vendees thereof, and that they acquiesced in such sales. Plaintiffs also gave evidence to the effect that the delivery of the goods mentioned in the inventory was received by defendants as a fulfillment of the requirements of the bill, and that they acquiesced in the partial delivery, only claiming damages for the omission to deliver all the goods. *Held,* that the evidence was properly received, and justified a finding of a waiver of full performance of the contract; and that plaintiffs were entitled to recover the contract prices for the goods delivered, deducting defendants' damages resulting from a failure to deliver the balance.

*Brady* v. *Cassidy* (104 N. Y. 147), distinguished.

(Argued February 6, 1895; decided February 26, 1895.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made June 5, 1894, which affirmed a judgment in favor of plaintiff entered upon a verdict and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John E. Parsons* for appellants. It was error for the trial court to refuse to instruct the jury that the plain meaning of the contract was that all the goods in the premises were sold ; that the words " goods on hand " meant goods physically in the premises at the time. (*Hinneman* v. *Rosenback,* 39 N. Y. 98 ; *Whitford* v. *Laidler,* 94 id. 145 ; *Brady* v. *Read,* Id. 631 ; *Eighmie* v. *Taylor,* 98 id. 288 ; *Long* v. *I. Co.,* 101 id. 638 ; *Corse* v. *Peck,* 102 id. 513 ; *Kennedy* v. *Porter,* 109 id. 526 ; *Walton* v. *Ag. Ins. Co.,* 116 id. 317 ; *Thomas* v. *Scutt,* 127 id. 133.) The erroneous disregard of the previous decision of this court was not cured by other portions of the charge ; nor does the verdict of the jury show that the defendants were not harmed by it. (*Chapman* v. *McCormick,* 86 N. Y. 479 ; *A. N. Bank* v. *Wheelock,* 13 J. & S. 220 ; *Thur-*

*ber* v. *Hughes*, 15 id. 172; *Foote* v. *Beecher*, 8 Wkly. Dig. 520; *Benham* v. *Casey*, 11 Wend. 83; *Alger* v. *Vanderpoel*, 2 J. & S. 170; *Heyne* v. *Doerfler*, 124 N. Y. 505; *In re Eysamen*, 113 id. 62; *Anderson* v. *R. R. Co.*, 54 id. 334, 341; *Brogue* v. *Wood*, 67 id. 499; *Huntington* v. *Connelly*, 33 Barb. 208; *Clark* v. *Vorce*, 19 Wend. 232; *Wardell* v. *Hughes*, 3 id. 418; *Allen* v. *Way*, 7 Barb. 516.) It was error for the court to permit a recovery without proof by the plaintiffs of the value of the delivered goods. (*Dermott* v. *Jones*, 2 Wall. 1; *Champlin* v. *Rowley*, 18 Wend. 187; *Jennings* v. *Camp*, 13 Johns. 94; *Linningdale* v. *Livingston*, 10 id. 36; *Heyward* v. *Leonard*, 7 Pick. 186; *Ryan* v. *Dayton*, 25 Conn. 192; *Carroll* v. *Weld*, 26 Tex. 147; *Allen* v. *McKibbin*, 5 Mich. 454.) The motion made by defendants at the close of the case to dismiss the complaint upon the ground that there was no evidence of the reasonable value of the property delivered should have been granted. Not only did the court permit a recovery without proof of the value of the delivered goods; it erroneously excluded evidence about the goods to show that no contract price was applicable to those that were not delivered. (*Parsons* v. *Sutton*, 66 N. Y. 98.) The court erred in charging the jury about what constituted a waiver of the delivery of the omitted goods sold to them under the contract. (*Hewitt* v. *Miller*, 61 Barb. 567.) The mere acceptance by the defendants of the goods that were delivered did not waive their right to a delivery of the residue. (*Smith* v. *Brady*, 17 N. Y. 173; *Catlin* v. *Tobias*, 96 id. 217; *Champlin* v. *Rowley*, 18 Wend. 189; *Paige* v. *Ott*, 5 Den. 402; *Mead* v. *Degolyer*, 16 Wend. 632.) It is well settled in this state that a party cannot recover upon an entire contract which he has only partially performed. (Benj. on Sales, 666; *Kein* v. *Tupper*, 52 N. Y. 555.)

*Henry A. Forster* for respondents. The court did not err in refusing to charge that "the plain meaning of the contract of sale is that all the goods in the premises of the plaintiffs on the 20th day of June, 1883, were sold to the defendants,"

and that "the words 'goods on hand' mean goods physically in the premises at the time of the use of such words." (*Randall* v. *Packard*, 142 N. Y. 47, 55–57; *Chellis* v. *Chapman*, 125 id. 215, 223, 224; *Hickenbottom* v. *D., L. & W. R. Co.*, 122 id. 91, 98–100; *Losee* v. *Buchanan*, 51 id. 492; *Caldwell* v. *N. J. S. Co.*, 47 id. 282, 286, 287; *Sperry* v. *Miller*, 16 id. 413; *Hine* v. *Bowe*, 114 id. 357; *Raymond* v. *Richmond*, 88 id. 671; *O'Connell* v. *People*, 87 id. 377, 381; *Kissenger* v. *N. Y. & H. R. R. Co.*, 56 id. 538, 543; *Holbrook* v. *U. & S. B. R. R. Co.*, 12 id. 236; *Kelly* v. *Jackson*, 6 Pet. 622.) Evidence that before the execution of the contract of sale the defendants knew that the plaintiffs intended to remove part of the goods, and assented to such removal, was competent as part of the evidence to prove the agreement for a rescission of the contract of sale. (*Woodruff* v. *I. F. Ins. Co.*, 83 N. Y. 134; *McNally* v. *P. Ins. Co.*, 137 id. 389; *Forward* v. *C. Ins. Co.*, 142 id. 382.) The jury were not bound to award the defendants the full amount of their counterclaim. (*Blade* v. *Noland*, 12 Wend. 173; *Riggs* v. *Tayloe*, 9 Wheat. 483, 487; *Byrnes* v. *Byrnes*, 102 N. Y. 5, 9, 10.) The plaintiffs were entitled to recover the contract price of the goods received by the defendants, less the defendants' damages for the non-delivery of the goods they did not receive, and the court properly denied the motions to dismiss the complaint, because the reasonable value of the goods delivered had not been proved. (*Avery* v. *Willson*, 81 N. Y. 341, 348; *Dalzell* v. *F. W. Co.*, 138 id. 285, 290; *Parke* v. *F. A. T. Co.*, 120 id. 51, 54, 57; *Heckmann* v. *Pinkney*, 81 id. 211, 213, 214; *Cassidy* v. *Le Fevre*, 45 id. 562, 566; *Krom* v. *Levy*, 3 T. & C. 705, 708; *Vanderbilt* v. *E. I. Works*, 25 Wend. 665; *Crouch* v. *Gutmann*, 134 N. Y. 45, 51; *Flaherty* v. *Miner*, 123 id. 382, 388; *Nolan* v. *Whitney*, 88 id. 648; *Woodward* v. *Fuller*, 80 id. 312, 315, 316; *Phillip* v. *Gallant*, 62 id. 256, 264; *Pullman* v. *Corning*, 9 id. 93, 95–99; *Smith* v. *Brady*, 17 id. 173, 174, 182–188; *Catlin* v. *Tobias*, 27 id. 217, 222; *Kein* v. *Tupper*, 52 id. 555; *Mead* v. *Degolyer*, 16 Wend. 632; *Champlin* v. *Rowley*, 18 id. 187; *Paige* v. *Ott*,

5 Den. 406.)   The measure of damages on the defendants'
counterclaim was the difference between the contract price
of the goods which were not delivered and the mar-
ket value of those goods, and evidence of the specu-
lative and conjectural profits the defendants might have
made from the sale of goods was properly excluded.
(*McKnight* v. *Dunlop*, 5 N. Y. 537, 544; *Dana* v. *Fiedler*,
12 id. 40, 47, 51; *Parsons* v. *Sutton*, 66 id. 92, 96; *Cahen*
v. *Platt*, 69 id. 348, 351; *Roberts* v. *Benjamin*, 124 U. S.
70, 73; *Grand Tower Co.* v. *Phillips*, 23 Wall. 472, 479,
480; 2 Sedg. on Dam. [8th ed.] §§ 734, 736; *Stevens* v.
*Lyford*, 7 N. H. 360, 366, 367; *Cofield* v. *Clark*, 2 Col. 102,
106, 107; *Furlong* v. *Polleys*, 30 Maine, 491, 493; Benj. on
Sales [Bennett's 6th Am. ed.], § 870, pp. 867, 902; 2 Benj. on
Sales [Corbin's 6th Am. ed.], § 1306.)   The defendants waived
the non-delivery of part of the goods, and the court properly
charged that if they waived the incomplete delivery they
became liable to pay for the goods they received, less the
damages resulting from the non-delivery of the remainder.
(*Avery* v. *Willson*, 81 N. Y. 341; *Morris* v. *Rexford*, 18 id.
552, 557; *Rodermund* v. *Clark*, 46 id. 354, 357; *Fowler* v.
*B. S. Bank*, 113 id. 450, 455–459; *Conrow* v. *Little*, 115 id.
387, 394; *Terry* v. *Munger*, 121 id. 161, 167, 168.)   The
defendants rescinded the contract of sale as to the goods they
were hired to deliver to third persons, and the charge that if
they acquiesced in and assented to the non-delivery of any
goods that were contracted to be sold and delivered, that was
a modification of their original contract, and they cannot
recover damages for such non-delivery, was right.   (*O. P. R.
R. Co.* v. *Forrest*, 128 N. Y. 83; *Sturtevant* v. *Orser*, 24 id.
538, 540–546; *Ash* v. *Putnam*, 1 Hill, 303, 309, 310; *Healy*
v. *Utly*, 1 Cow. 345, 352, 353; *Folsom* v. *Cornell*, 150 Mass.
115, 118, 119; Story on Sales, § 419; 1 Benj. on Sales [6th
Am. ed.] §§ 782–785; *Fullager* v. *Reville*, 3 Hun, 600–602;
*De Peyster* v. *Pulver*, 3 Barb. 284, 287; *Tice* v. *Zinsser*, 76
N. Y. 549, 552; Gerard's Titles to Real Estate [2d ed.], 479;
*Alden* v. *Thurber*, 149 Mass. 271.)

Peckham, J. This action is brought by the executrix and the executor of the will of Alfred Brady, deceased, against the defendants to recover from them the contract price of certain articles alleged to have been sold by the plaintiffs to them in 1883. Alfred Brady, prior to his decease in January, 1883, had carried on the business of making and selling plumbers' castings at a foundry and warerooms in New York city. After his death the executrix and executor determined to sell the plant and also the materials on hand at the time. They effected a contract with the defendants by which the latter purchased the plant at a price agreed upon and also leased the foundry from the plaintiffs from the day of the sale in June, 1883, up to the 1st of January, 1884. On the 20th day of June, 1883, the parties entered into another contract by which the plaintiffs sold to the defendants their stock and executed an assignment thereof as follows:

" Sold to Cassidy & Adler the entire manufactured stock, in good condition, consisting of pipes, fittings, fines, etc., now on hand at foundry and storerooms on Fifty-fifth and Fifty-sixth streets, Tenth and Eleventh avenues. The price on same to be eighty (80) per cent from the list price, besides the sum of $700; the stock to be taken without tarring and to be left on premises, the same to be paid for in cash. The receipt of $100, as part payment of same, is hereby acknowledged.

" I. WINTERBOTTOM,

"*Executor.*"

Certain portions of the property were delivered to and taken possession of by the defendants, while another portion, consisting of certain pipes and other materials, were omitted from the inventory which was taken immediately after the bill of sale, and were not received by the defendants, but most of them were delivered to other parties under a claim made by the plaintiffs that at the time of the execution of the bill of sale such goods so delivered to those third parties had been sold to them. The case has been twice tried and has been once before in this court (104 N. Y. 147). Upon the first trial the

plaintiffs claimed the right to give parol evidence in regard to the meaning of the contract above set forth so far as to allow the jury to determine what the parties meant by the terms, "the entire manufactured stock in good condition on hand at the foundry." The courts below permitted evidence of that kind to be given and the plaintiffs attempted to show that this language was not intended to mean that portion of the stock which was on hand in the foundry, but which the plaintiffs had sold or agreed to sell to third parties and which was to be delivered to them in accordance therewith. The inventory which was made showed that the net price of the property included therein was nearly $12,000. The defendants claimed that the property which was not included in the inventory and which was not delivered to them consisted proportionally of the most valuable part of the stock, and they claimed damages for its removal from the foundry. Upon appeal to this court it was held that the contract was entirely plain on its face and that parol evidence was not admissible for the purpose of explaining or altering its obvious meaning; that the language used embraced all the stock on hand at the time of the execution of the bill of sale to which the plaintiffs had a legal title and which they were entitled to dispose of to the defendants, and that even if a valid executory contract of sale had been made by the plaintiffs to third persons prior to the sale to the defendants, those third persons acquired no title to any specific property, and on the refusal of the vendors to fill the orders they had only a right of action for damages, the legal title to the property remaining in the vendors, and they were bound to deliver it to the defendants under this contract.

The judgment was, therefore, reversed and a new trial granted. The plaintiffs had never pretended that the defendants had received all the goods which were in fact on hand at the foundry at the time of the execution of the contract of sale, but they had claimed on the trial that that contract, when properly construed, did not call for such of the goods, which, although on hand at the foundry, had at the time of this contract been already sold, or contracted to be sold, to other par-

ties.  The parol evidence which they offered was, therefore, addressed to the object of explaining the meaning of the language of the written bill of sale as in accordance with the contention.  As this court held that evidence of that nature was incompetent for any purpose of explaining the meaning of the writing, the plaintiffs were compelled to find, if possible, some other ground upon which to recover payment for goods which they had in fact sold and delivered to defendants, and for which they had never been paid anything but the original $100 upon the execution of the contract.  The complaint was, therefore, amended by inserting an allegation that the defendants received all the goods which were spoken of in the inventory, and which did not include the omitted goods, and accepted and appropriated the inventory goods without intimating to the plaintiffs that they were received or accepted with any conditions whatever, and without any intimation or notice to the plaintiffs that they should not thereby consent to become liable to pay for the articles so delivered and accepted, unless the other articles were also received ; and the plaintiffs alleged that the defendants waived the condition that all the goods included in the agreement and on hand at the time of its execution should be delivered before they should become liable to pay the contract price for the part that actually was delivered, and that they only reserved the right to claim and receive from the plaintiffs the damages which they had sustained by the plaintiffs' failure to deliver all the goods.  Upon this pleading the parties went to trial the second time.  Upon that trial the plaintiffs proved, under the objection and the exception of the defendants, that during the negotiations which resulted in the written bill of sale, it was spoken of and understood between the parties that the plaintiffs had then sold or agreed to sell a certain portion of the goods which were, by the terms of the bill of sale, included in the sale to the defendants ; and that such sale was assented to and acquiesced in by the defendants ; that subsequent to the execution of the contract of sale the defendants themselves assisted in making delivery of some of those goods to vendees thereof, and that just prior to the

execution of the bill of sale certain of the goods had been piled up and marked as having been sold to other parties, and that one of the plaintiffs had said to one of the defendants that sales were going on quite rapidly, and unless they agreed pretty soon. they would have nothing to purchase, and the defendant replied that the more was sold to others the less they would have to pay for. The plaintiffs also gave evidence that the delivery of the goods mentioned in the inventory was received by the defendants as a fulfillment of the requirements of the bill of sale, and that they acquiesced in such partial delivery as a delivery under the terms of the contract, and only claimed that they were entitled to certain damages which resulted from the omission of the plaintiffs to deliver all the goods, as provided for in the contract. All this evidence the defendants' counsel claims was in direct violation of the rule laid down by this court when this case was here on a former appeal. If it had been offered and received for the purpose of thereby explaining the meaning or altering the effect of the written contract that was entered into between the parties, such ruling would have been clearly erroneous, and in direct opposition to the ruling of this court; but it frequently occurs that evidence which is improper for one purpose may be very material and competent for another, and cases are constantly arising where evidence is thus admitted. In this case it is clear that it was admitted for the purpose of proving the allegation in the complaint, which sets up substantially a waiver by defendants of full performance of the contract on the part of the plaintiffs. The contract in question contemplated one single delivery of the goods mentioned in the contract, and on hand in the foundry at the time of its execution. If but a portion of the goods were delivered and nothing said by the defendants in regard to the necessity for the delivery of the balance of the goods before they were to be called upon for payment, or if there were no evidence other than the fact that a portion of the goods only had been delivered, there would be no ground whatever upon which to base any claim that the defendants waived the full compliance with the terms

of the contract by the plaintiffs. If, however, the facts above stated were proved, there would be sufficient foundation upon which to rest the allegation of a waiver on the part of the defendants, as alleged in the amended complaint. It is no objection to evidence which characterizes and explains the facts which occurred at the time of the delivery of a portion only of the goods, that such explanatory matters occurred before or at the time of the execution of the contract itself, and not at the time when the partial delivery was made. If the facts, whenever they occurred, tend to explain the circumstances attending the failure to deliver all the goods and to show that such failure was understood, acquiesced in and assented to by the defendants, the evidence itself is competent. The evidence given on the part of the plaintiffs, if believed by the jury, was sufficient to constitute a waiver by the defendants of the full performance of the contract by the delivery of all the goods included in its terms, and it was sufficient to justify the jury in finding for the plaintiffs in the amount of the contract price for all the goods actually delivered, deducting therefrom the defendants' damages resulting from the failure to deliver the balance. (*Avery* v. *Willson*, 81 N. Y. 341; *Parke* v. *Franco-American, etc., Co.*, 120 id. 51–56; *The Fahys Watch Case Co.*, 138 id. 285–290.)

Another ground for questioning the correctness of this judgment is stated in the alleged refusal of the court to instruct the jury that the plain meaning of the contract was that all the goods on the premises were sold, that the words "goods on hand" meant goods physically in the premises at the time. This request was made as referring to the goods on hand in the foundry at the time of the execution of the bill of sale and it was in reference to the goods which the defendants were entitled to receive and to have delivered to them under the contract. If the court had made no prior reference to this contract and its meaning and the obligations of the parties arising out of its execution, and had refused to charge as requested, the defendants would have had a good exception. Upon reading through the charge of the learned judge we

think that the rights of the parties as governed by the terms of the contract were correctly stated and that the defendants suffered no harm by the refusal of the court to charge in the language of the request. There was really no doubt or dispute in regard to the meaning of the contract and the whole question in difference between the parties rests substantially upon the issue of waiver and as to the real damages which the defendants had sustained by the failure to deliver certain goods which were known and in regard to which there was substantially no dispute whatever.

It is claimed that by the charge of the learned judge the jury was permitted to say whether the contract embraced the omitted goods. We think this is incorrect. What they were called upon to decide was whether there had been any failure to deliver all the goods mentioned in the contract and if there had been such failure whether the defendants had waived full performance and whether they had been damaged and the extent of such damage by plaintiff's failure. All the merchandise which the plaintiffs contracted to deliver was correctly stated by the court. What portion they did deliver was submitted to the jury for its determination, as was also the question whether the defendants waived the delivery of that portion which the plaintiffs omitted in the inventory, and then the further question of the damage sustained by the defendants was also submitted. This was a fair, while at the same time, a correct and legal interpretation of the obligations of the parties and the verdict of the jury ought not under such circumstances to be interfered with, unless some error has been committed of so material a nature as to cause injustice to the defendants.

The point that the plaintiffs should not have been permitted to recover anything on account of the goods delivered without proof as to their value is not well taken. The defendants claim on this proposition that the plaintiffs failed to comply with the terms of the contract in that they failed to deliver all the merchandise included in its terms, and by reason of such failure they are not entitled to recover the con-

tract price of any goods which they did deliver, but are to be limited to a *quantum meruit.* The answer to this objection has, I think, already been given, and it consists in the fact which the jury were permitted to find from the evidence that the defendants waived the full performance of the contract by the plaintiffs and received the goods actually delivered as a delivery under such contract, and at the contract price, and they are, therefore, liable to pay such price after deducting defendants' damages. (*Avery* v. *Willson*, 81 N. Y. 341, and other cases cited, *supra.*)

The actual receipt of the goods under the contract, as the compliance called for by the contract subject to the reduction spoken of, was valid and binding as a waiver when fully executed and assented to by all parties.

The other questions which the defendants have argued we have regarded with care, but do not find any errors in the rulings of the court below which call for a reversal of the judgment. The contract was entered into nearly twelve years ago, and with the exception of the $100 spoken of in the contract itself, the defendants have paid nothing for the goods actually received by them. We think the amount of the damages allowed to the defendants by the jury was supported by some evidence, and that the resulting verdict which they have agreed upon in favor of the plaintiffs ought not to be disturbed.

The judgment appealed from should, therefore, be affirmed.

All concur.

Judgment affirmed.