(25 App. Div. 256.)

## KERVAN v. TOWNSEND.

(Supreme Court, Appellate Division, First Department. January 14. 1898.)

ORDER—ACCEPTANCE—PAROL EVIDENCE.

Where one to whom a payment is to become due upon the happening of a given contingency delivers to a third party a draft or order directing a portion of such payment to be made to the latter, which is accepted by the drawee "to be paid when said payment is due to the drawer," the payee cannot, in an action against the acceptor, introduce evidence of an alleged waiver, consisting of an absolute oral promise by the acceptor, contemporaneous with the acceptance, that he would make the payment anyway, whether it became due to the drawer or not.

O'Brien and Rumsey, JJ., dissenting generally on the facts.

Appeal from trial term.

Action by Matthew C. Kervan against J. Allen Townsend. From a judgment entered on a verdict, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

William Porter Allen, for appellant.
Edmund Louis Mooney, for respondent.

INGRAHAM, J. The complaint alleges: That one Rohrs and the defendant entered into a contract whereby the defendant

agreed and promised to pay to said Rohrs, or to his order, certain
sums of money, exceeding the sum of $500, from time to time, dur-
ing the course of the erection of two houses in the city of New
York.    That prior to the 16th day of November, 1893, the plaintiff
made a contract with said Rohrs, whereby the plaintiff agreed to
do certain work upon the said houses, and the said Rohrs agreed
to pay the plaintiff a sum of money exceeding the sum of $500.
That certain mechanics' liens had attached to the said premises.
That thereupon the plaintiff refused to proceed with the perform-
ance of his said agreement between himself and Rohrs, unless the
said Rohrs should pay or secure to be paid to the plaintiff the sum
of $500.    That thereupon the said Rohrs offered to secure the pay-
ment of the said sum by executing and delivering to the plaintiff
an order or assignment set forth in the complaint.    That on the
16th day of November, 1893, said Rohrs made and delivered to the
plaintiff said order or assignment for $500 out of the moneys due
or to grow due under the said agreement between the said Rohrs
and the defendant, which order or assignment was in the following
words:

"November 16th, 1893.

"J. Allen Townsend:  Pay to Matthew C. Kervan $500 on account when roof
is on, and cornice up, skylights up, and leaders connected with sewer on the
two houses on the north side of 108th street, 125 feet east of Fifth avenue,
running fifty feet, which you are making the loans on, and deducted out of
my inclosure payments.                        Frederick Rohrs."

That thereafter, and on the 17th day of November, 1893, said order
or assignment was duly presented and delivered by the plaintiff
to the defendant, and duly accepted by the defendant; and that
"thereupon the defendant duly promised and agreed with the plain-
tiff that, if the plaintiff would proceed with the performance of the
last-mentioned agreement, the defendant would pay to the plaintiff
the said sum of $500 out of moneys then in his hands and then
earned or owing under the terms of said agreement between the
defendant and said Rohrs, and notwithstanding the existence or
filing of said mechanics' liens, and notwithstanding the entry or
filing of any liens or judgments thereafter against said Rohrs or
said houses."    The complaint further alleges that relying upon said
order or assignment, and the acceptance thereof by the defendant,
and the last-mentioned promise and agreement of the defendant,
the plaintiff did the work upon said houses called for by the con-
tract with Rohrs; and that the said Rohrs, on or before the 24th
day of November, 1893, had substantially completed all work and
substantially furnished all materials necessary to entitle him or his
assignees to the said inclosure payments, and the said inclosure
payments became due and payable; that the said plaintiff demanded
of the defendant the payment of the said sum of money which the
defendant promised to pay, but subsequently refused to pay.    The
answer denies the making of the agreement alleged in the com-
plaint; denies that the defendant accepted any order or assign-
ment drawn upon him by Rohrs for any sum of money whatever,
otherwise than on the express condition that the sum of money in

such order or assignment specified should thereafter become due from the defendant to said Rohrs; and denies that any sum of money whatever was on or since the 1st day of November, 1893, or ever thereafter became, due or payable from the defendant to said Rohrs, or to his assigns.

The plaintiff, to prove his cause of action, was called as a witness, and testified to the agreement between himself and Rohrs; that he received the order alleged in the complaint from Rohrs; and that the defendant accepted the order. The order was introduced in evidence, as alleged in the complaint. Annexed to such order was the following:

"Accepted November 17, 1893, and to be paid when inclosure payment is due Frederick Rohrs.　　　　　　　　　　　　　J. Allen Townsend."

The plaintiff was then asked this question:

"Q. Now state what occurred between you and Mr. Townsend at that time, —that is, at the time you presented this paper to him."

This was objected to by the defendant, as being part of the negotiations between the plaintiff and the defendant leading up to the contract, and merged in the contract. The objection was overruled, and the defendant excepted. In answer to that question, the plaintiff testified that the defendant told him that there were two liens on the building at that time, but that there was money enough to pay the liens and his (plaintiff's) order. "He said my order would be paid anyway; to go on and finish the work. I did so." The plaintiff further testified on cross-examination that this acceptance that the defendant signed was the only one that he had ever had; that he went to see the defendant several times before he got the acceptance; that he saw the defendant on the 17th of November, when the defendant accepted this order; and that he did not see the defendant again until he finished the work according to his contract. There was no proof by the plaintiff that Rohrs ever completed his contract with the defendant, so as to become entitled to the inclosure payment. The evidence showed that he never did complete the contract.

The court charged the jury that, in order for the inclosure payment to become due, it was necessary for all liens to be extinguished and all the work done that was required to be done up to that time; that it was conceded that the liens were never extinguished; and that it was claimed on behalf of the defendant that the work was never done, especially in that the leaders were not connected with the sewer; and that, under those circumstances, there would be no payment due on the seventh installment, and therefore the plaintiff's sole right to recover rested upon whether or not there was a waiver of this performance of the contract on the part of the defendant, Townsend. It was then submitted to the jury to determine whether or not the defendant, at the time he accepted this order, told the plaintiff that it would be paid whether the liens were withdrawn or extinguished, or whether they were not; and they were instructed that, if they believed the defendant said this to the plaintiff at the time of the acceptance of the order, there was

a waiver, and that, if they should find that there was a waiver, they should find a verdict in favor of the plaintiff. There was no evidence of any waiver after the acceptance of the order. The plaintiff expressly testified that he did not see the defendant from the time of the acceptance of the order until after his work was completed. The obligation of the acceptance of the order to pay money is an engagement to the payee or other lawful holder of the bill, to pay the same when it becomes due according to the terms of the acceptance. Hoffman v. Bank, 12 Wall. 186; 4 Am. & Eng. Enc. Law, 207. An acceptance may be in writing or oral; but, when it is conditional, the acceptor is only liable upon the happening of the condition, and the terms of an acceptance in writing cannot be varied by contemporaneous parol agreement (Daniel, Neg. Inst. § 517, and cases cited; 4 Am. & Eng. Enc. Law, 214); and the liability of the acceptor to the holder is, according to the terms of his undertaking, completed by the assent of the holder (4 Am. & Eng. Enc. Law, 227).

The contract sued on is in writing. It is not ambiguous. It expresses fully the obligation assumed by the defendant, and must be held to fully state the contract between the parties. By it, Rohrs, who had made a contract with the defendant, and who, upon the performance of that contract, would be entitled to receive from the defendant a sum of money, requested the defendant to pay to the plaintiff $500 when certain work upon the buildings had been completed by the plaintiff, and to deduct it out of the inclosure payment, which was the seventh installment under the contract between the defendant and Rohrs. The order on its face was payable only upon the inclosure payment being due to Rohrs. It was not to be paid out of any money due from the defendant to Rohrs, but was conditioned upon the particular payment becoming due; and it was held by the court below that that payment never did become due. When that order was presented to the defendant for acceptance, he reduced to writing the obligation which he assumed, and delivered it to the plaintiff. That obligation was an agreement to pay to the plaintiff a sum of money when the inclosure payment was due to Rohrs. It followed the terms of the order upon him, limiting his liability to a payment out of a particular fund when that particular fund was payable; and neither upon the order as it stood, nor upon its conditional acceptance by the defendant, was the plaintiff entitled to recover from the defendant any sum of money, except upon proof that the condition upon which that payment was to be made had been complied with, and that this inclosure payment was due. 4 Am. & Eng. Enc. Law, p. 229. We have the contract made by the defendant which expressed his liability. The acceptance by the plaintiff of this contract was the liability which defendant assumed to the plaintiff; and unless we are prepared to absolutely abrogate the rule that all prior negotiations must be deemed merged in the writing, and that the writing must be construed as containing the contract as actually made, the liability of the defendant must be restricted to that which is expressly imposed upon him by the writing signed

by him, and which became the contract between the parties. This rule was recognized by the court below, and we think the court correctly charged that the plaintiff could not recover unless he proved a waiver of this condition upon which his liability depended.

In this case the evidence of the waiver was confined to conversations between the plaintiff and the defendant prior to or contemporaneous with the execution of the written agreement, and consisted of an alleged promise by the defendant to pay to the plaintiff the sum called for by the order, whether any money was due to Rohrs or not. It is not alleged that by any word or act of the defendant, after the execution of the writing, the plaintiff was induced to proceed with his work. The waiver was sought to be proved by conversations before the writing was executed, before any condition had been imposed that could be waived. A waiver is defined by Bouvier's Law Dictionary to be "the relinquishment or refusal to accept of a right;" and in 28 Am. & Eng. Enc. Law, p. 526, "the intentional relinquishment of a known right." The facts as established by the verdict of the jury in this case show that, when the plaintiff took the order to the defendant, he had a discussion with the defendant, during which the defendant said that the plaintiff would be paid any way, whether liens existed or not, or whether this inclosure payment became due or not; that afterwards, when requested to reduce the obligation to writing, he did so. The writing, however, restricted his obligation to pay out of a certain specific fund when it should become due and payable. As before stated, the writing must be construed to be the final contract entered into between the parties, all the verbal conversations which led up to it being merged in this writing. These verbal statements made by either of the parties prior to the execution of the writing could no more be held to be a waiver of a condition inserted in the writing for the defendant's benefit than they could be held to prove a modification of the writing as made. It would be as much a violation of the rule before referred to, to allow an oral statement, made prior to or at the time of the execution of a writing, to prove a waiver of conditions imposed by the writing, as to allow such oral statement to vary the contract. The writing must be held to express the agreement between the parties when it was made; and nothing that was said prior to the making of the agreement is competent to prove an agreement different from that expressed, or as competent to prove that the parties were not to be bound by the terms and conditions of the writing.

What is meant by a waiver is well expressed in the case of Brady v. Cassidy, which was twice before the court of appeals. On the first appeal (104 N. Y. 154, 10 N. E. 131) the contract was proved, by which the plaintiff agreed to sell to the defendant certain manufactured stock "now on hand at the foundry and storeroom" at a fixed price. The plaintiff sued to recover for the goods sold and delivered under this contract, and offered evidence of the negotiations or statements made at the time the bill of sale was executed, to determine the meaning of the language used in the contract in the light of the circumstances. It was held that the contract was

plain and unambiguous as to its language, and was susceptible of but one construction; that the court was bound to construe the contract, and not leave it to the jury; and that the testimony as to the prior negotiations was not competent to modify or alter the agreement between the parties. On the case going back for a new trial, the plaintiff was allowed to amend his complaint by inserting allegations that the defendant had received all of the goods which were spoken of in the inventory, and which did not include certain omitted goods, and accepted and appropriated the inventory goods without intimating to the plaintiffs that they were received or accepted with any conditions whatever, and without any notice or intimation to the plaintiffs that they should not thereby consent to become liable to pay for the articles so delivered and accepted, unless the other articles were also received; and that the defendants waived the condition that all the goods included in the agreement, and on hand at the time of its execution, should be delivered before they should become liable to pay the contract price for the part that actually was delivered. Upon the case coming on to be tried upon the amended pleadings, the jury found that there was such a waiver; and the court on the second appeal (145 N. Y. 180, 39 N. E. 816) said:

"The evidence given on the part of the plaintiffs, if believed by the jury, was sufficient to constitute a waiver by the defendants of the full performance of the contract by the delivery of all the goods included in its terms; and it was sufficient to justify the jury in finding for the plaintiffs in the amount of the contract price for all the goods actually delivered, deducting therefrom the defendants' damages resulting from the failure to deliver the balance."

The evidence that was here admitted and received were the acts of the defendant after the execution of the contract. The evidence was not received to show that the contract covered a less quantity of goods than was stated, nor were the jury permitted to say whether the contract embraced the omitted goods. The court held that it did, and that the defendant would be entitled, under the counterclaim, to the damages sustained because of the failure of the plaintiff to deliver the omitted goods. But there was evidence to go to the jury as to whether or not the acts of the defendant in receiving the goods which were actually delivered, subject to the execution of the contract, was a waiver by the defendant of his right to receive all of the goods mentioned in the contract before paying for any of them. It was not claimed in that case that the statements of the defendant, made at the time of the execution of the contract, were admissible to prove the waiver, and it was expressly held that such statements were not admissible any more than to vary the contract as made, or to show that the construction of the contract should be different from that which the words used plainly imported. But the plaintiff was allowed to prove that acts of the defendant subsequent to the execution of the contract waived the condition implied by the contract, viz. that all goods should be delivered before there should be any liability for the payment of a portion. Applying this rule to the case at bar, no-

waiver was alleged in the complaint, nor was there evidence of any waiver. The plaintiff alleged a contract made by the defendant which he failed to prove. On the contrary, the evidence proved conclusively that no such contract was made; and no act of the defendant after the making of the contract was alleged to prove any waiver on his part of the conditions imposed by the contract.

In the case of Stone v. Cohen, 4 App. Div. 176, 38 N. Y. Supp. 755, the recovery was sustained upon a new promise by the defendant's testator after the order had been given, and upon which the plaintiff's assignor was induced to do the work. The court, after mentioning a conversation made at the time of the execution of the acceptance of the order, to the effect that the defendant's testator would see the plaintiff's assignor paid, calls attention to subsequent conversations between the plaintiff's assignor and the defendant's testator to induce the plaintiff's assignor to go on and finish the work, that he would see Burke (plaintiff's assignor) paid. The defendant's testator said: "Never mind the liens. Go ahead and finish up, and I will pay you. My word is as good as that paper." The court held that the subsequent conversations and promises by which the plaintiff was induced to proceed with the work was evidence showing a waiver on the part of the defendant's testator of any right that he might have had to insist upon the provisions of the contract respecting liens. Stress was laid all through the opinion upon these subsequent conversations, acted on by the plaintiff as evidence of the waiver of the condition which was valid when the contract was made, and which justified a verdict of the jury in finding that the condition was waived.

We think that in this case, therefore, the evidence of the conversations between the plaintiff and the defendant at the time the order was accepted was not competent to prove either a modification of the agreement, or the waiver of the conditions imposed by the agreement, and that the plaintiff failed to prove the cause of action alleged in his complaint. For that reason, the judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and BARRETT, J., concur.

---

In 1893 one Rohrs was erecting buildings on certain lots owned by him in the city of New York, pursuant to a building-loan contract between him and the defendant. The plaintiff was to furnish labor and materials on the building for Rohrs. The building-loan agreement provided that no advance or payment should be required while there were any mechanics' liens or judgments affecting the houses, and that the last payment should be due when the buildings should be inclosed, roofs on and tinned, fronts up, and cornices set, skylights and copings on, and the leaders up, and connections made with the sewer. The plaintiff alleges that Rohrs offered to secure the payment of $500 which was due him by executing and delivering an acceptance, which he subsequently did, in the following form:

"November 16th, 1893.

"J. Allen Townsend: Pay to Matthew C. Kervan five hundred dollars on a/c when roof is on and cornice up, skylights up, and leaders connected with

sewer on the two houses  *  *  *  which you are making the loans on, and
deducted out of my inclosure payments.                    Frederick Rohrs."

The plaintiff further alleges that thereafter the order was presented and
delivered to the defendant by him, and duly accepted, with full knowledge
that certain mechanics' liens had been filed, "and that thereupon the defend-
ant duly promised and agreed with the plaintiff that, if the plaintiff would
proceed with the performance of the last-mentioned agreement, the defendant
would pay to the plaintiff the said sum of five hundred dollars out of money
then in his hands, and then earned or owing under the terms of said agree-
ment between the defendant and said Rohrs, and notwithstanding the exist-
ence or filing of said mechanics' liens, and notwithstanding the entry or fil-
ing of any liens or judgments thereafter against said Rohrs or said houses";
and that, relying upon said order or assignment, and the acceptance thereof
by the defendant, and the last-mentioned promise and agreement of the de-
fendant, the plaintiff put the roof on said houses, and the cornice and sky-
lights and leaders up, and the leaders were connected with the sewers of
said two houses, and the said Frederick Rohrs had substantially completed
all work and substantially furnished all materials necessary to entitle him
or his assignees to the said inclosure payments. The defendant denied that
he had entered into any agreement other than that contained in the written
acceptance, and alleged that the work was not substantially completed, and
that the connection was not made between the leaders and the sewer.
These issues were litigated upon the trial, and resulted in a verdict for the
plaintiff; and it is from the judgment entered thereon that this appeal is
taken.

O'BRIEN, J.   In the charge of the learned judge, to which no
exception was taken, the plaintiff's right to recover was placed
upon the ground that he was bound to show that the defendant
waived the conditions with respect to the existence of mechanics'
liens, which would be sufficient to defeat the right of Rohrs to the
inclosure payment.   As therein said:

"This acceptance [referring to the written order] is one of those which on
the face of it would become due and payable only on the completion of work,
entitling the builder to the  *  *  *  'inclosure payment.'  In order for that
to become due, it was necessary for all liens to be extinguished and all the
work done that was required to be done up to that time.  *  *  *  The
plaintiff's sole right to recover in this case rests upon whether or not there
was a waiver of this performance of this contract on the part of the defend-
ant, Townsend."

As there was no request to go to the jury upon the other issue as
to performance, both sides having agreed to the view taken by the
learned trial judge, that the question of waiver was the only one
to be determined, and there being conflicting evidence upon this,
we would not be justified in interfering with the verdict if based
upon competent evidence.   As thus regarded, the case in many
respects is similar to that of Stone v. Cohen, 4 App. Div. 175, 38
N. Y. Supp. 755, an examination of which will show that the facts
here proven bring it directly within the principles of that case;
and, if there were nothing more, we might well rest our affirmance
upon that authority.   It is insisted, however, that the distinction
between the two cases rests in the fact that there a waiver was
proven by conversations occurring after the acceptance of the or-
der; while in the case at bar the conversations relating to the
waiver were prior to or contemporaneous with the acceptance of
the written order, and therefore were incompetent, under the rule

of law that parol evidence is inadmissible to contradict the terms of the written acceptance. This distinction does not appear in the opinion as reported, because the agreement which was held to be sufficient to establish the waiver was proved by statements which, in the opinion, were said to have been made at the time of the acceptance of the order; and, that being so, the case is precisely like the case at bar, and should control it. It is true, however, that an examination of the record in Stone v. Cohen does disclose the fact that the testimony to establish the waiver was of statements made after the written acceptance. But this does not in any way, as we think, affect the principle, although it may bear upon the weight to be given to the case of Stone v. Cohen. But, upon well-settled principles, we are clearly of the opinion that the evidence given in this case to establish the waiver was competent. It must be remembered that the plaintiff's cause of action here was not solely upon the written acceptance, but was upon the agreement which it was said accompanied that acceptance, to the effect that, if the plaintiff would proceed with the work, the defendant would pay him the sum of $500 out of the money to be earned and owing under the terms of the agreement with Rohrs, and notwithstanding the existence or filing of any mechanic's lien against said houses. This was just as much a part of the agreement, as alleged in the complaint, as was the acceptance; and it comes within the thoroughly settled rule that, where the written contract is only a part of an entire agreement, that which stands solely in parol may also be proved, although the effect may be to vary or enlarge that portion of the contract which is contained in the written contract. Chapin v. Dobson, 78 N. Y. 74. But in this case there is no necessity of resorting to that rule. The written contract between the parties consisted of the order and the acceptance, and of nothing else. The order directed the payment to the plaintiff of $500 "when the roof is on and cornice up, skylight up, and leaders connected with sewer." The acceptance was "to be paid when the inclosure payment is due Frederick Rohrs." This acceptance was clearly ambiguous, and, to be understood, it was necessary that extrinsic evidence should be given to show when the inclosure payment was due. As between Rohrs and the defendant, the time when that payment was due was established by the written contract which they had entered into. But that was a contract between them only, and one with which the plaintiff had nothing whatever to do. While it was evidence, so far as he was concerned, upon the question when the inclosure money was due, there was no rule of law which bound or concluded him in any way by the contents of the paper in which was contained the contract between Rohrs and the defendant. In his effort to show when the inclosure money was due, he was at liberty to give whatever evidence he might be possessed of on that subject; not only the written contract between the two parties other than himself, but whatever was said to him by the defendant by way of inducing him to believe that the inclosure money was due at some other time or under some other circumstances than those stated in the contract between the de-

49 N.Y.S.—10

fendant and Rohrs. The rule that parol evidence cannot be given to contradict or vary a written agreement is limited to the parties actually contracting with each other by the agreement, and it cannot be invoked against one who is a stranger to the contract. Greenl. Ev. § 279.

So far as the contract between Rohrs and the defendant was concerned, the plaintiff was a stranger to it. He was not bound by any of its provisions. The contract which he made was solely with the defendant, and it is to be construed in the light of what was said between the defendant and himself at the time that it was entered into, so far as facts and circumstances may be given to enable the court to construe it. The plaintiff here did not sue alone, as we have pointed out by the allegations of his complaint, upon the written acceptance, but alleged the facts showing an agreement in connection with the written acceptance, under which the defendant agreed to pay the plaintiff if he would proceed with the work, whether liens were or were not filed; and that, in reliance thereon, he proceeded and substantially completed the work. Moreover, the order was signed with knowledge on the part of both the plaintiff and the defendant of the existence of mechanics' liens; and there is force in the suggestion that there was an implied waiver of that clause, and that the words inserted in the acceptance "when inclosure payment is due Frederick Rohrs," being ambiguous, are to be read in the light of the conditions then actually existing, and, thus understood, that they relate only to the performance of the work on the buildings, and not to the technical terms of the written contract. In other words, the inclosure payment would be due when the work was performed, and would be payable provided no liens had been filed; and the signing of the acceptance by the defendant with knowledge of the existence of liens is to be considered with reference to the then conditions. Apart, however, from this, we prefer to place our affirmance upon the fact appearing that the defendant promised and agreed to pay anyway, without regard to any incumbrances on the property, and that, relying upon such promise, the plaintiff went on and substantially completed his work. This was a contract which the defendant was competent to make, and rested on sufficient consideration. It was not embraced in any writing; and whether it be regarded as an independent collateral agreement, or a part of the contract not reduced to writing, evidence of it was properly admitted on the trial. Brady v. Cassidy, 145 N. Y. 171, 39 N. E. 814.

As there was no other question of substance presented, we think, for the reasons given, that the judgment should be affirmed, with costs.

RUMSEY, J., concurs.