MACKNIGHT FLINTIC STONE CO. v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 28, 1898.)

1. CONTRACT—PERFORMANCE—ACCEPTANCE.
    If work which is not completely performed by a contractor is done upon the property of the other party, the fact that the latter resumes possession, and enjoys the fruits of his labor, does not constitute such an acceptance as alone would imply a promise to pay under the contract, for in such a case the owner has no option of rejecting the work.

2. SAME—DEFECTIVE COMPLETION.
    Under a contract to make a "water-tight" cellar, by pursuing a specified method, mere proof that the cellar, as actually constructed, was "water drained," fails to establish a performance, for the defect is not merely technical, inadvertent, or unimportant, but pervades the whole contract.

Appeal from trial term, New York county.

Action by the Macknight Flintic Stone Company against the mayor, aldermen, and commonalty of the city of New York. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

L. Laflin Kellogg, for appellant.
Chase Mellen, for respondent.

PATTERSON, J.   The learned counsel for the appellant insists that, by the amended pleadings, new issues were raised in this case, and that, in consequence thereof, different questions are presented on this appeal from those which were decided by this court on the two former appeals. 13 App. Div. 232, 43 N. Y. Supp. 139; 21 App. Div. 474, 47 N. Y. Supp. 567. The complaint before the court on the first and second appeals contained an allegation of strict performance, in accordance with the terms and conditions of the contract between the plaintiff and the defendant, but the amended complaint contains an allegation of substantial performance by the plaintiff of all the conditions of the contract, and the completion of the work under the contract in accordance with the plans and specifications. The original complaint contained, also, an allegation that, when the work under the contract was fully performed, a certificate was demanded from the superintendent appointed under the contract. The amended complaint, in addition to the last allegation, contains the averment that, after the performance of the work, the same was accepted, and actually taken possession of, and was used by, and remains in the absolute possession and use of, the defendant. Upon the last trial the plaintiff asked to go to the jury on the question of substantial performance, on the question of the waiver of the conditions of the

contract, on the question of waiver by acceptance and use of the work by the city, and upon all the other facts of the case. That motion was denied, and the trial court dismissed the complaint.

Upon the question of waiver by acceptance of the work by the city, we find no substantial difference between the evidence as it was given on the last and as it appeared on the previous trials. We held on the first appeal that there was no waiver by the city of the conditions of the contract nor of the defects in performance, and that the acts of the commissioner of public works were not tantamount to an actual and voluntary acceptance of the work as a fulfillment of the contract, carrying with it an implied promise to pay for it. It was held on the first appeal that there was no waiver by taking possession of the work, and we do not see that the question is now presented, under the proofs, in any such way as to call for a different ruling. It is asserted that the claim, as now made by the plaintiff, is simply that of a waiver of full performance, to the extent of precluding the defendant from insisting that there was not a substantial performance, and there is not such a waiver as would prevent the defendant from recovering any damages suffered by reason of a failure fully to perform; or, in other words, that the plaintiff would be entitled to recover upon proof of substantial performance, subject to recoupment of damages proven to be the result of nonperformance. There are cases in which, on contracts, as, for instance, the sale and delivery of goods, a waiver of full performance may be shown, and a deduction allowed a defendant for a plaintiff's failure to perform the whole contract, and such are Brady v. Cassidy, 145 N. Y. 171, 39 N. E. 814; Dalzell v. Watch-Case Co., 138 N. Y. 285, 33 N. E. 1071; Avery v. Wilson, 81 N. Y. 341. But the amended answer in this case sets up a defense to each and every cause of action set forth in the complaint, of a complete failure of the plaintiff to perform provisions of the contract. The use of the building by the city under the circumstances of the case, with the work as performed by the plaintiff in and upon it, cannot be regarded in law as a waiver of performance. That work was done on the city's property. It had no alternative but to use the work or abandon the use of its property. This is a case of work done in a building standing on the defendant's land. The contractor failed to complete that work in the manner required by the contract; and it has been held, under such circumstances, that where an owner resumes possession and enjoys the fruits of the labor of a contractor, it is not an acceptance such as alone would imply a promise to pay under the contract, "for the possession of the land necessarily involves possession of the buildings in their existing state, and the owner has no option of rejecting them." Elliott v. Caldwell, 43 Minn. 357, 45 N. W. 845; citing Leake, Cont. 68; Munro v. Butt, 8 El. & Bl. 738.

We have only, then, remaining for consideration the question whether any real change is made in the case by reason of the abandonment of the allegation of the complaint of strict performance, and the substitution of one of substantial performance. We think there is not, and for the reason that the proof does not show substantial performance. What is meant by the substantial performance of such a con-

tract as that involved here is fully settled in the state of New York. In Woodward v. Fuller, 80 N. Y. 312, it is said that literal or exact performance of a contract to build is no longer required. "It is now the rule that where the builder has in good faith intended to comply with the contract, and has substantially complied with it, and although there may be slight defects caused by inadvertence or unintentional omissions, he may recover the contract price." And it is further said that the defects must not run through the whole work, nor be so essential as that the object of the parties to have the specific amount of work done in a particular way is not accomplished. The language of the court, as quoted in the case last cited, is but a repetition of what was said by Church, C. J., in Phillip v. Gallant, 62 N. Y. 264. The identical expressions first quoted are repeated in Nolan v. Whitney, 88 N. Y. 650, which was also a case of a contract to do work in the erection of buildings. In the case of Miller v. Benjamin, 142 N. Y. 613, 37 N. E. 631, which was a contract for the sale and delivery of goods, it is said: "The right of a party to enforce a contract will not be forfeited or lost by reason of technical or inadvertent or unimportant omissions or defects. There must be no willful or intentional departure, and the defects of performance must not pervade the whole, or be so essential as substantially to defeat the object which the parties intended to accomplish." It is also said in that case, as in the others, that whether, in any case, such defects or omissions are substantial, or merely unimportant mistakes, that have been or may be corrected, is generally a question of fact.

In the case at bar we have already decided, upon similar proof, that performance was not shown of this contract by the plaintiff, and hence there was nothing for a jury to pass upon. As the pleadings originally stood, we considered the question merely with reference to the allegation of strict performance, but on the point of substantial performance the same conclusion is compelled. The object of the contract was to secure a water-tight, and not a water-drained, cellar, and it was the contract of the plaintiff to produce that result in the way provided for in the specifications. It did not perform the contract; the defect is one which pervades the whole contract. It is not a mere technical, inadvertent, or unimportant defect in the works or departure from the specifications. That which was done was plainly inadequate to produce a water-tight cellar, and the substitution of the ejector, while it might drain the cellar, did not make it "water tight," as that term was used, and intended to be used, by the parties to the contract. There was no substantial performance of that contract. The proof failed to establish it, but plainly showed the contrary.

The court below was right in dismissing the complaint, and the judgment and order appealed from must be affirmed, with costs. All concur.