KLEIN, Appellant, v. MABIE, Respondent. (Supreme Court, Appellate Term. June, 1902.) Action by Peter Klein against Ralph Mabie. Louis H. Porter, for appellant. John J. O'Grady, for respondent.

MacLEAN, J. From the agreed statement of facts and the accompanying exhibits, it appears that the plaintiff's assignor, writing from Camden, N. J., on the 27th of last August, invited the defendant to make an offer, quote a price, was the phrase used, for 50,000 gallons of gas tar f. o. b. Trenton. On the next day the defendant wrote he would take the quantity mentioned at, and pay for the same at the rate of, 2¼ cents f. o. b. Trenton. This offer was

accepted by letter September 5th. By this it would seem an agreement was effected that the defendant should take immediately, or within a reasonable time, the quantity of tar mentioned, and coincidentally pay therefor the price fixed. The correspondence shows, moreover, that time was a factor. The manufacturers requested the quotation by return mail, saying, also, "An early reply will greatly oblige," and, in accepting the offer, wrote, "Our tar tanks are overflowing;" selling the merchandise, as it came out, over 30 per cent. less than the market, which was 3⅗ cents. The defendant soon made it plain that he construed the situation for himself. He promised, on the 6th, to send tanks at once; but it was a month, lacking two days, before he asked for any tar, and then he sent for but a third of a boat load, which was given him. Then the manufacturer asked payment for what he had taken. His excuse was that there was no agreement that he should pay for the tar before he had seen it, that *if any such arrangement had been attempted he would not have closed the deal, and that he expected to pay for the tar according to the custom of the trade. There is nothing to show what was or that there was any custom of the trade. The excuse given was frivolous. The place of delivery was not at the plaintiff's place in New York, but at the end of a tank pipe in Trenton, N. J., where the merchandise was to be accepted, subject, only, to reclamations or return if not what was bought and sold. After the refusal of the payment, the seller wrote very civilly, asking to be assured of the defendant's financial responsibility by reference or by payment for what he had already taken, saying, further, that contrawise it must decline to furnish any more. The plaintiff returned, among other things, that he had sold the balance of the tar, and would be obliged to go into the open market and purchase the same. There is nothing to show that he had sold any as matter of fact, or that he purchased any other. The market value was as stated above. The learned justice gave judgment for the defendant upon the grounds that the plaintiff's assignor had not performed its part of the contract, which was entire, and that, if there was any departure from the contract, there was no consideration for such departure. As already remarked, the inducement to the seller to sell at the price was obviously the desirability of disposing of the tar at once, and so the defendant recognized time was an important factor in the transaction. This he disregarded for his own convenience, saying he was unable to make satisfactory arrangements with the railroad company upon whose line was the seller's manufactory; and in that very letter in which, too, he ordered the small consignment, "Please deliver to this boat when it arrives, and charge the same to me, sending the bill promptly to this office." The boat was to arrive, as it did, 10 days later. The manufacturer might have refused to accept the excuse, and refused to deliver at all. It was open to accept the excuse, and refuse to make a partial delivery upon the invitation to send the bill (not bill of lading) to the defendant, who, by requesting the bill promptly, engaged to pay it promptly. The theory upon which the defendant now seeks to defend is substantially that he could go for the merchandise when he would, and that needs little extension to mean he could pay when he liked, as he could put off payment by putting off going for the last balance indefinitely. The cases cited are cases wherein the seller was to take the merchandise to the purchaser, and so had the delivery in his own hands, save Brady v. Cassidy, 145 N. Y. 171, 39 N. E. 814, wherein the article was upon premises conveyed to the purchasers, and so accessible to both parties. Therein, after the first trial, the court of appeals (104 N. Y. 147, 10 N. E. 131) held that the original contract was entire, and that the parties seeking recovery had to show that they had fully performed. But after the second trial the same court held, in effect, that the parties had, by acquiescence, created a new situation, which entitled the plaintiffs to recover. Herein the conveniences accorded the defendant were sufficient consideration to support his implied promise to pay for the delivery upon presentation of the bill therefor. The judgment should be reversed, and a new trial ordered. Judgment reversed, and new trial ordered, with costs to abide event. All concur.