THE GOODYEAR TIRE AND RUBBER COMPANY, INC., Appellant, *v.* VULCANIZED PRODUCTS COMPANY, Respondent.

Sales — action to recover purchase price of goods sold — counterclaim — what breach of contract and damages arising therefrom defendant may offset against plaintiff's claim.

This action was brought to recover the purchase price of certain goods by plaintiff's assignor sold and delivered to defendant. On December 4, 1914, a proposed contract between the plaintiff's assignor and defendant for the sale by the former to the latter of a considerable quantity of merchandise was mailed to the defendant. The contract was not executed, however, until January 4, 1915. As executed, it provided for the sale to defendant of merchandise of which delivery was to be made at different times during the year. At the time when negotiations which ripened into this contract were opened defendant was indebted to the plaintiff's assignor for a quantity of merchandise sold and delivered to it prior thereto, part apparently being of defective quality, and there was inserted in the contract the clause: "It is understood that the lot of our fabric you (the defendant) have that is not usable will be returned to us at once and the balance you keep will be paid for in full before December 15, 1914." The plaintiff's assignor did not deliver the merchandise as agreed, but did deliver part of it from time to time. Defendant returned a considerable quantity as defective and was credited therewith. It paid in cash the contract purchase price for the first two shipments of merchandise and thereafter paid nothing more. There was presented to the trial court the question whether plaintiff's assignor was guilty of any failure to deliver goods under its contract which amounted to a breach thereof

and gave defendant a claim for damages which could be made the subject of a counterclaim against the purchase price of goods which it had received.    It decided this issue in favor of the defendant.    *Held, first,* that the evidence permitted the court to find, as it did, that the plaintiff's assignor was in default upon its contract to make deliveries; *second,* that the clause incorporated in the contract requiring defendant in effect to settle its account of 1914 before December 15, 1914, was not a condition precedent to the obligation of the plaintiff's assignor to perform the present contract; *third,* it cannot be said as matter of law that the defendant by its correspondence and by accepting belated and partial deliveries either waived or consented to a modification of the terms of the contract; *fourth,* that under the findings of a breach by the plaintiff's assignor, the defendant was entitled to offset or counterclaim its damages because of such breach against the purchase price of the goods which it had received; *fifth,* it does not appear that the damages of the vendee equaled the unpaid purchase price of the goods actually delivered and the record does not sustain its refusal to pay the purchase price, or any part of it; moreover, if defendant was entitled to damages which fully offset the unpaid purchase price and which it desired to apply in satisfaction of the latter it was its duty to so notify the plaintiff's assignor; *sixth,* the fact that upon the vendee's refusal to pay, the vendor rescinded the contract and refused to make further deliveries did not in any way affect the vendee's right to damages, because of the failure of the vendor to make deliveries which were due before the rescission.

*Goodyear Tire & Rubber Co.* v. *Vulcanized Products Co.,* 182 App. Div. 886, affirmed.

(Argued January 28, 1920; decided February 24, 1920.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 18, 1918, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Pliny W. Williamson* and *John E. Walker* for appellant.    The obligation of defendant to pay plaintiff the outstanding account of $2,284.52 for fabric delivered in 1914 was a condition precedent to the obligation of plaintiff to make shipment of 5,000 pieces of fabric on January

20, 1915. (*Browne* v. *Paterson,* 165 N. Y. 460; *Lowber* v. *Bangs,* 2 Wall. 728.) The defendant waived the provisions of the sales order respecting the dates of shipment. (*A. A. P. C. Works* v. *Degnon Cont. Co.,* 222 N. Y. 34; *Roby* v. *Reynolds,* 65 Hun, 486; *Pomeroy* v. *Shaw,* 2 Daly, 270; *Bock* v. *Healy,* 8 Daly, 156; *Reed* v. *Randall,* 29 N. Y. 358; *Coplay Iron Co.* v. *Pope,* 108 N. Y. 232; *Gaylord* v. *Allen,* 53 N. Y. 515; Burdick on Sales, 135; Tiffany on Sales, 374; Williston on Sales, § 489.)

*Lemuel Skidmore, Jr.,* for respondent. The clause of the contract by which defendant agreed to return the lot of fabric on hand which was not usable and to pay for the balance in full before December 15, 1914, was an independent covenant of the contract and not a condition precedent to plaintiff's liability to ship. (*McNally* v. *Georgia-Florida Lumber Co.,* 146 App. Div. 456; 210 N. Y. 588; *White* v. *Moore,* 160 App. Div. 400; *Clark* v. *West,* 137 App. Div. 23; *Warth* v. *Grief,* 121 App. Div. 434; *Moran* v. *Standard Oil Co.,* 211 N. Y. 187.) Assuming, without admitting, that the obligation of the defendant to pay plaintiff for the fabric retained from the lot delivered in 1914 was a condition precedent to the obligation of plaintiff's assignor to make the shipment of January twentieth, this condition was waived by plaintiff's assignor and cannot now be relied upon to excuse its breach of contract. (*Clark* v. *West,* 193 N. Y. 349.) The breach of the contract on the part of plaintiff's assignor in failing to make shipment of 5,000 pieces on January twentieth and of 5,000 pieces on February fifteenth was not in any manner waived by defendant. (*Blumberg Press* v. *M. M. Agency,* 177 N. Y. 362; *Nat. Bank of Deposit* v. *Rogers,* 166 N. Y. 380; *Sturges & Burn Mfg. Co.* v. *American Separator Co.,* 171 App. Div. 429; *Beyer* v. *Huber Co.,* 115 App. Div. 342; *Crocker Wheeler Co.* v. *Varick Realty Co.,* 104 App. Div. 558; *Deeves & Son* v. *Manhattan Life Ins. Co.,* 195 N. Y. 324; *Ruff* v. *Rinaldo,* 55 N. Y. 664; *Grannis & Hurd Lumber Co.* v. *Deeves,*

72 Hun, 171; 147 N. Y. 718; *Avery* v. *Wilson,* 81 N. Y. 341; *Brady* v. *Cassidy,* 145 N. Y. 171; *Chapman* v. *Fowler,* 132 App. Div. 250.)   The contract clearly calls for shipment of a specific quantity of fabric to be shipped on specific dates.   Time of shipment is of the essence of the contract and the failure of the Goodyear Company to make shipments of the quantities specified on the dates specified constituted a breach of contract for which defendant has a valid counterclaim.   (*B. D. Co.* v. *Harmon,* 154 App. Div. 689; 214 N. Y. 691; *Stanton* v. *E. R. R. Co.,* 131 App. Div. 879; *Moran* v. *Standard Oil Co.,* 211 N. Y. 187; *Schoellkopf* v. *Coatsworth,* 166 N. Y. 77; *Braitsch* v. *Kiel & Arthe Co.,* 114 N. Y. Supp. 872; *Pope* v. *Porter,* 102 N. Y. 366; *Pakas* v. *Hollingshead,* 184 N. Y. 211.)

HISCOCK, Ch. J.   This action was brought to recover the purchase price of certain goods by appellant's assignor sold and delivered to respondent.   The respondent by its answer formally denying, but upon this appeal expressly admitting, its liability for said purchase price, has set up a counterclaim for damages by reason of failure to deliver all of the goods called for by the contract.   These related and antagonistic claims have produced in this case more than the usual complications and questions.

Appellant's assignor produced and respondent desired to purchase a certain quantity of " pulled fabric."   This article was not originally manufactured for sale as such. It consisted of a cloth or fabric used for lining automobile tires and when as an incident to other business old or discarded tires were returned for salvage purposes this lining was stripped out of the tires and became by itself an article of trade.

Early in December, 1914, negotiations were opened between the assignor and respondent for the sale by the former to the latter of a large quantity of this fabric, and on December 4th a proposed contract was mailed by the former to the latter, covering such subject.   Owing to

the fault of the latter this contract was not executed until January 4th, 1915, and this delay has been regarded as of some importance by appellant.  As thus executed the contract provided for the sale to respondent of 20,000 pieces of fabric at a given price per pound payable 30 days from date of shipment, and of which delivery was to be made 5,000 pieces January 20, 1915, 5,000 pieces February 15, 1915, and 10,000 pieces after March 1 and during the year.  At the time when there were opened the negotiations which ripened into this contract respondent was indebted to said vendor in the sum of $3,685.44 for a quantity of fabric sold and delivered to it prior thereto, part apparently being of defective quality, and there was inserted in the contract the clause: " It is understood that the lot of our fabric you (the respondent) have that is not usable will be returned to us at once and the balance you keep will be paid for in full before December 15, 1914."

The vendor did not deliver the fabric as agreed.  The first shipment was not made until February and thereafter from time to time down to and including June 25th other shipments were made, in all aggregating between 7,000 and 8,000 pieces.  Respondent returned a considerable quantity of these as defective and was credited therewith. In addition it paid in cash the contract purchase price for the first two shipments of merchandise and thereafter paid nothing more.

A large amount of correspondence passed between the parties in connection with the contract which it is impossible and unnecessary to restate at length.  The vendor urged various reasons why it should not be held to the deliveries specified in the contract.  One of these was that the respondent by delaying execution of the contract had made it impossible for the vendor to prepare to fill the first delivery as in the contract provided.  Another and more vigorously urged one was, as it now is, that the promise of respondent to settle the account of the pre-

ceding year by December 15 was a condition precedent
to the vendor's obligations and that the failure so to
settle by the time named had relieved it in whole or part
from its obligations. After a certain date its letters
also contained frequent requests that respondent remit
the unpaid balance due for fabric which had been delivered
to it and which balance under the terms of the contract
was then past due.

Respondent's letters contained requests for the ship-
ment by the vendor of the promised merchandise. It
did not assent to the vendor's reasons for non-performance
and it did not by any express terms either waive or
consent to any modification of the written contract. On
the other hand it did not at the time it received the various
shipments make objection that they had been delayed
and were not a proper fulfilment, so far as they went, of
the obligations of the contract, or reserve any rights
on account of delay in their shipment. In the latter
part of the correspondence before the final break came,
there began suggestions of damages which the respondent
had suffered because of the vendor's failure to deliver
as agreed and in October the point was reached where,
as the correspondence is construed by both parties, the
respondent declined to pay the balance due for goods,
demanding that the vendor recognize its claim for dam-
ages and make satisfactory arrangements for the ship-
ment of the balance of merchandise called for by the
contract, and the vendor refused to ship any more goods.

By evidence of which the foregoing were the more
important features there was presented to the trial court
the question whether appellant's assignor was guilty of
any failure to deliver goods under its contract which
amounted to a breach thereof and gave respondent a
claim for damages which could be made the subject of a
counterclaim against the purchase price of goods which
it had received. It decided this issue in favor of the
respondent and we think that the evidence permitted it

to find, as it did, that the vendor was in default upon its contract to make deliveries of 5,000 pieces each in January and February.

We do not think that the clause incorporated in the contract requiring respondent in effect to settle its account of 1914 before December 15, 1914, was a condition precedent to the obligation of the vendor to perform the present contract.   Inspection of the entire agreement in the light of surrounding circumstances does not lead us to believe that this was the fair intent of the parties and meaning of the contract when it was originally prepared and subsequent events incline us still more to reject this idea of a condition precedent.   As has been stated, this clause called for performance by respondent on December 15. The contract was not executed until January 4.   At that time of course the vendor knew that the respondent had not fully complied and, therefore, could not comply with its obligations as the same had been written in the contract.   Nevertheless it executed the contract obliging itself to make certain deliveries and it is not to be believed that it went through the form of assuming these obligations on a condition precedent which it then knew could not be performed.   As a matter of fact, respondent had largely complied with its obligations when the contract was executed and the vendor was doubtless entirely satisfied under the circumstances to make the new contract without insisting upon the prior payment of a comparatively small balance.

Neither do we think it can be said as matter of law that the respondent by its correspondence and by accepting belated and partial deliveries either waived or consented to a modification of the terms of the contract. It is possible that such a view might have been taken by the trial court.   But, on the other hand, we think it was entirely permissible for it to take the other view that respondent was not waiving or modifying any of its rights but was doing the best it could to secure performance

by constantly urging vendor to make speedier and larger deliveries and accepting whatever it could get.

Under the findings of a breach by the vendor the respondent was entitled to offset or counterclaim its damages because of such breach against the purchase price of the goods which it had received. The rule is well settled that a vendee who accepts, retains and uses a partial delivery of goods due in a single delivery may be held for the purchase price thereof, and on the other hand may have relief against the vendor for damages caused by delay and default in proper delivery of the balance of the goods. (*Deeves & Son* v. *Manhattan Life Ins. Co.*, 195 N. Y. 324, 330; *Granniss & Hurd Lumber Co.* v. *Deeves*, 72 Hun, 171, 174; affirmed, 147 N. Y. 718; *Avery* v. *Willson*, 81 N. Y. 341; *Brady* v. *Cassidy*, 145 N. Y. 171.)

It is true that the application of this rule as to payment of purchase price has been denied where goods were to be delivered in installments, payment to be made after delivery of the entire amount. (*Catlin* v. *Tobias*, 26 N. Y. 217; *Avery* v. *Willson, supra.*)

It is unnecessary, however, to consider whether in this case, where the purchase price of each installment was payable within a certain time after shipment, liability for the purchase price of partial deliveries which had been accepted by the vendee would be affected by the principles laid down in the cases last cited. The respondent by its stipulation and by its attitude on this appeal has expressly admitted its liability for the purchase price of goods actually received, subject of course to its counterclaim for damages on account of delay and goods not delivered.

There remains to be considered another feature of the controversy which was not passed upon by the trial court. As has already been stated, the respondent finally refused to pay the purchase price due for goods actually delivered unless its claim for damages was recognized and assurances given of future deliveries. It did not attempt to cancel the contract because of past defaults

on the part of the vendor and we do not think that the record sustains this refusal to pay the purchase price or any part thereof. There is no finding and no sufficient evidence that its damages equalled the unpaid purchase price and moreover it seems to be a recognized and sensible rule that if it was entitled to damages which fully offset the unpaid purchase price and which it desired to apply in satisfaction of the latter it was its duty to so notify the vendor. (*Bradley* v. *King*, 44 Ill. 339, 341; *Harber Bros. Co.* v. *Moffat Cycle Co.*, 151 Ill. 84.)

Upon this refusal to pay, the vendor rescinded the contract and refused to make further deliveries and the question is whether these acts of the respective parties have in any way affected respondent's right to damages because of failure to make deliveries due before the rescission. We do not think that they have. Assuming that the vendor's prior and existing default did not prevent it from treating respondent's refusal to pay as a breach warranting rescission, we do not see that this relieved it from the liability which had already accrued for failure to make deliveries long past due. The very rule which entitles appellant to claim the purchase price for partial deliveries made by its assignor, entitles respondent to assert the right which accrued at the same time to offset damages for failure to deliver the balance of the goods and we do not think that this right was lost by its subsequent conduct.

The parties eliminated various questions which otherwise would have arisen by providing that if the respondent was found to have a counterclaim for damages against the unpaid purchase price judgment should be entered simply dismissing the complaint, and this has been done.

We think that the judgment should be affirmed, with costs.

CHASE, COLLIN, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Judgment affirmed.