THE GOODYEAR TIRE & RUBBER COMPANY, INC., Respondent,
v. SOL HERSHENSTEIN, Doing Business under the Firm Name
and Style of S. H. RUBBER MANUFACTURING COMPANY, Appellant.

First Department, November 4, 1927.

Sales — breach of contract by seller — defendant alleged that goods were
misbranded and that plaintiff failed to deliver balance of contract —
instructions — it was error for court to charge, as matter of law, that
inasmuch as goods which were alleged to have been misbranded were not
returned plaintiff was justified in not completing shipment — evidence
— evidence of expense incurred by defendant in advertising was properly
admitted on question of damages.

In this action by the seller of goods, the defendant interposes a defense that the
plaintiff misbranded the goods and that it failed to deliver the balance of the
contract after the defendant objected to and refused to pay for the first install-
ment. The contract stipulated that the defendant would return the goods
that were defective in workmanship and material. It cannot be said, as a matter
of law, that misbranding was a defect in workmanship or material.

It was error for the court to charge, as a matter of law, that since the defendant
failed to return the goods which he claimed were misbranded, the plaintiff was
justified in not completing shipment. The refusal of the defendant to pay
the purchase price of the installment shipped, which refusal was based upon
a breach of the contract, did not necessarily relieve the plaintiff from its obli-
gation to complete the contract.

It was likewise error for the court to refuse to charge, at the defendant's request,
that if the jury should find that the first installment was kept without payment
as partial recoupment for damages sustained by plaintiff's delay in deliveries,
in that case they might find for the defendant on its counterclaim for
damages.

In view of the language of the principal charge, defendant was entitled to the charge
requested in order to relieve the jury of any impression that defendant's failure
to pay for the first installment was, in itself, a legal excuse for the plaintiff to
refuse to ship the balance of the contract.

On the question of defendant's damages, evidence was competent to show that
both parties contemplated that the defendant would incur considerable expense
in advertising, and in support of that item of damage, oral evidence of expendi-
tures made or obligations incurred, would be proper. Furthermore, checks
representing payments on account would be admissible as corroborative of
expenditures made and the competency of the evidence would not depend
upon the introduction first in evidence of the written contracts of such
obligations.

APPEAL by the defendant, Sol Hershenstein, from a judgment
of the Supreme Court in favor of the plaintiff, entered in the office
of the clerk of the county of New York on the 8th day of April,
1926, upon the verdict of a jury, and also from an order entered
in said clerk's office on the 6th day of April, 1926, denying defend-
ant's motion for a new trial made upon the minutes.

*Frederick E. Weinberg* of counsel [*Samuel Hershenstein,* attorney and with him on the brief], for the appellant.

*John Warren Hill* of counsel [*Carr, Hill & Koenig,* attorneys], for the respondent.

O'MALLEY, J.   Three principal issues of fact were presented on the evidence.   The first related to whether the plaintiff had misbranded the merchandise sold and delivered to the defendant; the second, to whether the plaintiff had breached the contract by failing to deliver the balance of the goods called for by the contract; and the third, as to the amount of the defendant's damage on its counterclaim in the event the plaintiff had been guilty of such breaches.

The defendant admitted the receipt and delivery of the first installment ordered under the contract, and also the amount of the purchase price thereof, as alleged in the complaint.   The trial, therefore, was concerned almost entirely with the issues raised by the counterclaim.

Concededly the defendant refused payment for the goods shipped.   However, at the time such payment was refused he claimed that the plaintiff had already breached the contract by misbranding, as a result of which defendant sustained damage; and that at such time also the plaintiff was in default on shipments, and had committed an anticipatory breach in refusing to make any further shipments under the contract.   While it might be said that the questions of the plaintiff's responsibility for misbranding and the failure to ship in response to additional orders given it by the defendant, were fairly submitted to the jury, we think the trial justice committed reversible error in his charge, which requires the granting of a new trial.

If, as defendant asserts, the plaintiff had breached the contract in the respects indicated, the defendant's refusal to pay for the goods shipped did not necessarily relieve the plaintiff from its obligation to ship the balance of the merchandise called for by the contract.   The defendant in such case would be entitled to hold the goods received in recoupment of his damages and demand that the plaintiff perform its contract by shipment of the balance of the goods called for thereby.   (*Goodyear Tire & Rubber Co.* v. *Vulcanized Products Co.,* 228 N. Y. 118; *McDowell* v. *Starobin Electrical Supply Co., Inc.,* 190 App. Div. 676.)   If the plaintiff had wrongfully refused to make further shipments and thus committed an anticipatory breach with respect to the balance of the contract, the defendant also would have been justified in accepting an earlier installment, and in withholding the purchase

38

price in recoupment and could hold the seller responsible for failure to deliver the balance. (*DeForest Radio Telephone & Telegraph Co.* v. *Triangle Radio Supply Co.*, 243 N. Y. 283.)

Practically at the very close of his charge the presiding justice stated: " That as a matter of law, as the goods were not returned, the plaintiff, the Goodyear people, were justified in not sending any more goods on any other orders, because the terms according to the contract, were payment in thirty days, and there was no payment made after demand. The goods were kept and not returned."

Under the contract between the parties the goods were to be of standard quality and make, and the plaintiff guaranteed the merchandise to be free from defects in " workmanship and material." The defendant agreed to reship to the plaintiff any merchandise claimed by him to be defective, and if on examination the plaintiff determined that such merchandise returned was defective, it agreed to replace " such defective tubes with new tubes without charge to the Buyer, or issue a credit memorandum for the amount of the purchase price thereof." As we interpret this clause, it cannot be said, as a matter of law, that mere misbranding was a defect in material or workmanship. At most there would be a question for the jury whether under all the circumstances the defendant was obligated to return misbranded goods under this clause. Moreover, incorporated in the court's charge above referred to, is the statement to the effect that the plaintiff was not required to ship additional merchandise under the contract because of the defendant's refusal to pay for the goods already shipped. At the close of the charge defendant's counsel excepted to this portion of the charge and made the following specific request: " I wish to ask your Honor to charge that if the jury find that the goods were kept without payment as partial recoupment for damages sustained by plaintiff's delay in deliveries or omitted deliveries, that in that case they may find for the defendant on the counterclaim."

This was refused. We think this was error. Assuming that the defendant was not entitled to have charged the request in the exact language in which it was framed, he was entitled, in view of the language in the main charge, to have the jury further enlightened in order to relieve them of the impression that defendant's failure to pay for the first installment was in itself sufficient legal excuse for the plaintiff to refuse any further performance on its part. This we think was the effect of the court's charge when considered as a whole.

As there must be a new trial, we deem it advisable to refer to certain evidence offered by the defendant to establish his damages.

We think it was competent for the defendant to show that when the contract was made it was within the contemplation of both parties that the defendant intended to incur considerable expense in connection with advertising. In support of such item of damage, oral evidence of expenditures made or obligations incurred would be proper. So, too, checks representing payments on account thereof were properly admissible as corroborative of expenditures. The competency of all such evidence would not depend upon the introduction first in evidence of the written contracts of such obligations. Whether the expenditures were made in connection with such contracts would be a proper subject for cross-examination.

It follows that the judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL, MARTIN and PROSKAUER, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event.